UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| WILLIAM NEWBROUGH<br><br>**Plaintiff,**<br><br>v.<br><br>ANCHOR RISK MANAGEMENT,<br>CENTRAL FREIGHT LINES, INC.,<br>SMOKERS OUTLET, INC., and<br>REPUBLIC UNDERWRITERS<br>INSURANCE COMPANY<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:17-cv-143<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### DEFENDANT ANCHOR RISK MANAGEMENT'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant Anchor Risk Management ("Defendant") removes the civil action pending in the Ector County District Court, 358th Judicial District, styled *William Newbrough v. Anchor Risk Management, Central Freight Lines, Inc., Smoker's Outlet, Inc., and Republic Underwriters Insurance Company*; Cause No. D-16-05-0545-CV (the "State Court Action") to federal court on the basis of federal question jurisdiction. In support of its notice of removal, Defendant states as follows:

1.  On June 16, 2017, Plaintiff William Newbrough ("Plaintiff") filed his Fourth Amended Petition in the State Court Action, alleging for the first time that Defendants Anchor Risk Management and Central Freight Lines, Inc. owed and breached certain duties under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. A copy of the Fourth Amended Petition is attached as part of Exhibit D, see apdx pp. 243. Plaintiff filed and served his Fourth Amended Petition asserting claims under ERISA on June 16, 2017.

2.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), being within thirty (30) days of service of the Fourth Amended Petition, at which time it was first ascertainable that this matter is removable under 28 U.S.C. § 1331.

3.     Plaintiff alleges that he was covered by an "ERISA approved Employee Welfare Benefit Plan, . . ." (the "Plan") and that Defendant Central Freight Lines was the "Administrator of the Plan." (Ex. D, Fourth Amended Petition at p. 6-7, Appdx. pp. 259-60). Plaintiff also alleges that Defendant Anchor Risk Management was an agent of Central Freight Lines under ERISA. (Ex. D, Fourth Amended Petition at p. 7, Appdx. pp. 260). And, according to Plaintiff, ERISA provides that any and all agents of the Administrator . . . owe fiduciary duties to Plaintiff. (*Id.*). Plaintiff further alleges that Defendant Central Freight Lines and Defendant Anchor Risk Management breached their fiduciary duties to Plaintiff under the Plan in violation of ERISA. (Ex. D, Fourth Amended Petition at p. 6-7, Appdx. pp. 259-60).

### This Case is Removable Based upon Federal Question Jurisdiction

4.     Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Even if a suit involves both a federal question and an otherwise nonremovable claim, the entire suit is removable. 28 U.S.C. § 1441(c).

5.     Plaintiff's alleges that Defendant Central Freight along with Anchor as Central's agent are fiduciaries to Plaintiff under ERISA, and that these Defendants violated their fiduciary duties under ERISA. (Ex. D, Fourth Amended Petition at p. 6-7, Appdx. pp. 259-60).

6.     ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under

employee benefit plans. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

7. Because ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

8. Accordingly, because Plaintiff's cause of action seeks benefits pursuant to an ERISA-regulated employee benefit plan, and because Plaintiff has alleged that these Defendants violated duties owed under ERISA, this action now arises under federal law. The Court thus has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

## Venue and Notice

9. Prompt written notice of this Notice of Removal is being sent to Plaintiff through his counsel, and to the Clerk of Court for the 358th Judicial District Court, Ector County, Texas, as required by 28 U.S.C. § 1446(d).

10. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. *Id.*

11. Pursuant to 28 U.S.C. § 1446(a), a copy of the state court docket sheet and all process, pleadings, and orders are attached hereto as Exhibits C and D.

12. Pursuant to 28 U.S.C. §1446, Defendants Central Freight Lines, Inc., Smoker's Outlet, Inc., and Republic Underwriters Insurance Company consent to the removal of this case to federal court. (A copy of the written consent by the only other defendant against whom federal claims are asserted, Central Freight lines, Inc. is attached as Exhibits B, Appdx. p. 2.)

13. Plaintiff has demanded a trial by jury in the State Court Action; Defendant Central Freight Lines has also requested a trial by jury.

Accordingly, based on the foregoing, Defendant removes this action to the United States District Court for the Western District of Texas, Midland-Odessa Division, and requests any and all such further relief and remedies to which it may be entitled.

Respectfully submitted,

*/s/ Blake A. Bailey*
Blake A. Bailey
Texas State Bar No. 01514700
**PHELPS DUNBAR, LLP**
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Telephone
(817) 488-3214 – Facsimile
blake.bailey@phelps.com

**ATTORNEYS FOR DEFENDANT
ANCHOR RISK MANAGEMENT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served on all counsel of record via electronic delivery on this 12th day of July, 2017.

*/s/ Blake A. Bailey*
Blake A. Bailey