**FILED FOR RECORD**
**Cause No.: D-16-05-0545-CV**
Ector County - 358th District Court
Ector County, Texas
6/16/2017 2:03:09 PM
**Clarissa Webster**
**District Clerk**
By: Natalie Guthrie, Deputy

NO. D-16-05-0545-CV

| | | |
|---|---|---|
| WILLIAM NEWBROUGH | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 358TH JUDICIAL DISTRICT |
| | § | |
| ANCHOR RISK MANAGEMENT | § | |
| CENTRAL FREIGHT LINES, INC. | § | |
| SMOKER'S OUTLET, INC. AND | § | |
| REPUBLIC UNDERWRITERS | § | |
| INSURANCE COMPANY | § | ECTOR COUNTY, TEXAS |

## PLAINTIFF'S FOURTH AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES. PLAINTIFF, WILLIAM NEWBROUGH, complaining of ANCHOR

RISK MANAGEMENT, CENTRAL FREIGHT LINES, INC., SMOKER'S OUTLET, INC., and

REPUBLIC UNDERWRITERS INSURANCE COMPANY,  DEFENDANTS, and for cause of

action would show:

I.

### *Claims for Relief*

Pursuant to Rule 47, Tex. R. Civ. P., this suit is within the jurisdictional limits of this

court, and Plaintiff seeks monetary relief between $100,000 and $200,000.

II.

### *Parties*

Plaintiff is a resident of Ector County, Texas.

Defendant, ANCHOR RISK MANAGEMENT, has answered and no further service is

necessary.

1

Defendant CENTRAL FREIGHT LINES, INC. has answered and no further service is necessary.

Defendant SMOKER'S OUTLET INC., is a Texas Corporation and has appeared herein and no further service is necessary at this time.

Defendant REPUBLIC UNDERWRITERS INSURANCE COMPANY is doing business in Texas and has appeared herein and no further service is necessary at this time.

III.

This case was originally filed as a Level II case but is now governed by a Level III docket control order.

IV.

Venue is proper in Ector County, Texas as the majority of the events surrounding and giving rise to the incident made the basis of this suit occurred in Ector County.

**LIST OF EXHIBITS ATTACHED (RULE 59)**

1.   Copy of Central Complaint filed in Federal District Court Dallas Division <u>Central Freight Lines Inc,(as fiduciary of the Central Freight Lines, Inc. Health Care Plan) vs. Danner and Shiflet</u> Cause no. 304-CV-01542.

2.   Brenda Harvey affidavit with attachments.

3.   Pattern Jury Charge–Fraud Section 105.2.

4.   Affidavit of Mark Cevallos with attachments.

5.   Subrogation Notice letter from Anchor to Republic dated May 13, 2016, with attachments.

6.   Pattern Jury Charge–Failure to Disclose section 105.4.

7.   Pattern Jury Charge–Conspiracy section 109.1

8.     Central Freight's Counterclaim against Newbrough

V.

*Claims Against Central Freight Lines–Non-Subscriber*

1.     Plaintiff brings this suit to recover damages for personal injuries sustained by Plaintiff in an accident which occurred in Ector County, Texas, on or about June 18, 2015, which was proximately caused by the negligence of the Defendant CENTRAL FREIGHT LINES, INC. Plaintiff, WILLIAM NEWBROUGH, while exercising due care for his own safety was in the course and scope of his employment with Defendant CENTRAL FREIGHT LINES, INC. when he was injured as a result of the negligence of Defendant CENTRAL FREIGHT LINES, INC.

2.     Defendant CENTRAL FREIGHT LINES, INC. failed to provide a safe working environment and failed to provide safe equipment for Plaintiff's use, which proximately caused his injuries. At the time and on the occasion in question, Defendant CENTRAL FREIGHT LINES, INC.  was negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question. Defendant CENTRAL FREIGHT LINES, INC. failed to provide a working environment that was safe and free from hazard and failed to provide safe equipment for the use of their employees.

3.     As a result of the accident above described, Plaintiff suffered severe personal injuries, causing Plaintiff to incur reasonable and necessary medical expenses, physical pain and mental anguish, disfigurement, impairment, all in the past, and in reasonable probability, will continue to suffer same in the future by reason of the nature and severity of the Plaintiff's injuries, as a result of Defendant's negligence for which Plaintiff sues.

3

VI.

*Claims against Anchor and Central--Declaratory Judgment*

1.    Prior to this suit, Plaintiff made claims against SMOKER'S OUTLET, INC. for his injuries

arising from the above described incident.

On May 13, 2016 the Plaintiff and Defendant, by and through their respective

representatives, settled claims that NEWBROUGH had against Defendant SMOKER'S

OUTLET, INC. arising from the incident described above wherein he was injured on June

18, 2015.

2.    NEWBROUGH, who had never been apprised of any subrogation interest by any party,

settled the claims against SMOKER'S OUTLET, INC. and at SMOKER'S OUTLET INC.'s

request, NEWBROUGH indemnified SMOKER'S OUTLET INC. for any subrogation

interests which may exist. This agreement was reached on May 13, 2016.

3.    On May 20, 2016 NEWBROUGH executed and returned to SMOKER'S OUTLET INC. a

written release of claims in exchange for $35,000.

4.    On May 24, 2016 NEWBROUGH was made aware for the first time that ANCHOR RISK

MANAGEMENT was asserting a subrogation interest. This date was after both the

agreement was made and the release was returned.

5.    Defendant ANCHOR RISK MANAGEMENT interfered with the settlement agreement by,

after the agreement had been made, improperly asserting a subrogation interest in the

settlement agreement which it has waived by its course of conduct.

6.    Defendant ANCHOR RISK MANAGEMENT further conspired with Defendant REPUBLIC

4

UNDERWRITERS INSURANCE COMPANY to misrepresent their alleged subrogation interest as being a statutory workers' compensation lien. Defendant further conspired with Defendant REPUBLIC UNDERWRITERS INSURANCE COMPANY to conceal the existence of their alleged subrogation interest until after the settlement between SMOKER'S OUTLET and NEWBROUGH. Defendant ANCHOR RISK MANAGEMENT conspired to commit common law fraud as well as insurance fraud pursuant to §541, Tex. Ins. Code, as alleged further herein.

7.      NEWBROUGH further sues ANCHOR RISK MANAGEMENT and Central pursuant to the Texas Declaratory Judgments Act for a declaration that it has no subrogation interest in the settlement agreement between NEWBROUGH and SMOKER'S OUTLET,INC. which arises from the conduct alleged herein and attached to this petition pursuant to Rule 59.

8.      At all times material to this cause of action Anchor was the authorized agent and representative of Central for purposes of managing the Welfare Benefit Plan provided to Plaintiff by Central.

9.      Central was at all times material to this cause of action the Administrator of an Employee Welfare Benefit Plan which provided benefits to Plaintiff for injuries arising from the work related accident made part of this suit.

10.     Defendant ANCHOR RISK MANAGEMENT, acting within its scope of authority for Cental,  failed or refused to assert any subrogation interest, if any, prior to any settlement between Smokers' and Plaintiff.  Further Anchor acting together with Republic procured an indemnity agreement providing that Plaintiff would indemnify Republic and Smokers' for a subrogation interest that only Republic and Anchor (Central) knew was being asserted. As

5

such any interest, if any, has been waived and for laches.

11.     PLAINTIFF NEWBROUGH further sues for reasonable and customary attorney's fees pursuant to Chapter 37, Tex. Civ. Prac. & Rem. Code as well as Chapter 541, Tex. Ins. Code. In addition, Plaintiff brings this claim pursuant to Tex. Civ. Prac. & Rem. Code, Section 140.

VII.

*Claims against Central and Anchor for Breach of Fiduciary Duty and Fraud*

CENTRAL IS A FIDUCIARY

1.     Defendant Central has alleged it has paid benefits pursuant to an ERISA approved Employee Welfare Benefit Plan. (Central's Counter-Claim page 3, paragraph V.) and is the Administrator of the Plan.  As the Administrator of the Plan, Central owes FIDUCIARY DUTIES to all beneficiaries including Plaintiff.  Varity Corp v. Howe, 516 U.S. 489 (1996).

2.     ERISA specifically provides that ONLY FIDUCIARIES can bring actions for recovery under the plan as Central has done here.  Thus, by judicial admission Central is a FIDUCIARY as to Plaintiff Newbrough.  Humana Health Plan Inc v. Nguyen , 785 F. 3d 1023 ( 5th Cir 2015).

3      Central has previously filed claims AS FIDUCIARY OF AN ERISA PLAN. **See Exhibit 1** attached hereto pursuant to Rule 59, and incorporated by reference for the purposes of showing FIDUCIARY STATUS AND KNOWLEDGE THAT CENTRAL IS A FIDUCIARY.

4.     As a result of Central's judicial admissions, conduct and the Plan itself in this case, Central is a FIDUCIARY as to all Beneficiaries of the plan, specifically and including

6

Plaintiff.

## ANCHOR IS A FIDUCIARY

5.     ERISA provides that any and all agents of the Administrator, and including the

Administrator owe FIDUCIARY DUTIES to the beneficiaries of the Plan.

6.     Agents are fiduciaries pursuant to ERISA when they exercise discretion in the handling or

management of the Plan. Varity v. Howe, 516 U.S. 489 (1996).

7.     Anchor exercised management and discretion in its handling of the plan with regard to

Plaintiff's claim.  Pursuant to Rule 59 Plaintiff attaches and incorporates by reference the

affidavit Debra Harvey and payment summaries from Anchor showing the management

and the exercise of discretion in the handling of Plaintiff's claim pursuant to the Plan.

**Exhibit 2**  In Harvey's affidavit paragraph number 1 she testifies that she was assigned

the task of management of the claim by Central.  The billing summaries attached show

that Anchor made the payments for medical in this case.  As a result of the above, Anchor

is a FIDUCIARY as the Plaintiff. Varity Corp v Howe, 516 U.S. 489 ( 1996).

## DUTIES OWED TO PLAINTIFF PURSUANT TO ERISA

8.     ERISA applies trust law to the actions and inactions of fiduciaries.  Varity Corp v. Howe,

516 U.S. (1996); Rhea v. Ritchey, 16-41032, (5th Cir. 2017).  Fiduciaries in trust law and

in ERISA law both impose upon the FIDUCIARY a duty of LOYALTY. Kujanek v.

Houston Poly Ban I, LTD., 658 F.3d 483 (5th Cir 2011).  **THAT DUTY INCLUDES**

**THE DUTY TO DISCLOSE MATERIAL FACTS TO BENEFICIARIES WHEN**

**THOSE FACTS ARE RELEVANT TO THE BENEFICIARY AND ARE FACTS**

7

**THAT THE BENEFICIARY SHOULD KNOW.**  See <u>id.</u> At 488.

FRAUD

9.      A fraud cause of action will lie when the facts establish the following elements; (Plaintiff

attaches the PJC sections 105.2 pursuant to Rule 59 and incorporates them by reference in

this petition.). **Exhibit 3.**

    A.      The defendant makes a material misrepresentation, and

    B.      The misrepresentation is made with knowledge of its falsity or made recklessly

        without any knowledge of the truth and as a positive assertion, and

    C.      The misrepresentation is made with the intention that it should be acted on by the

        other party, and

    D.      The other party relies on the misrepresentation and thereby suffers injury.

FACTS FOR MATERIAL MISREPRESENTATION

10.     Attached to this petition pursuant to Rule 59 and incorporated by reference is **Exhibit 4.**

This exhibit is the affidavit of Mark Cevallos, one of the lawyers for Plaintiff, and

exhibits that were attached to the Response to Summary Judgment in this matter.

11.     Plaintiff was injured in a work related accident on or about June 18, 2015, while in the

course of his employment with Central and while making a delivery to a customer of

Central, Smokers', which accident was the direct and proximate of the negligence of both

Central and Smokers'.  Plaintiff reported his accident to Central and Central began paying

for medical through the manager Anchor.

12.     Plaintiff through counsel notified both Smokers' and Anchor of his third party claim by

8

letter dated September 2, 2015. Other than the lawsuit against Plaintiff, Plaintiff has never received from Anchor or Central a demand for subrogation from any policy or ERISA plan. Anchor has not ever sent a demand or notice of subrogation to Plaintiff in response to the notice letter dated September 2, 2015.

13. Anchor and Central are required to assert any liens and demand payment prior to any settlement, or waive them. By their conduct Anchor and Central represented to Plaintiff they did not intend to assert any lien on Plaintiffs recovery.

14. Between March 2016 and the end of May 2016, Republic, which is the liability carrier for Smokers' negotiated a settlement of Plaintiff's claims against Smokers'.

15. Republic had an agent, a licensed adjuster named James Rushing, who was an authorized agent and representative of Defendant Republic negotiating with authority Plaintiff's claims against Smokers'. All of Rushing's actions were authorized and ratified by vice principals of Republic.

16. In May of 2016, Rushing made a "drop dead" offer to Plaintiff of $35,000. The offer was accepted. Rushing brought up the issue of subrogation. Plaintiff advised that no notice of subrogation had been sent to Plaintiff, and none asserted.

17. On May 13, 2016, Rushing asked for and received from Plaintiff a letter indemnifying Republic for all liens or subrogation interests.

18. A release between Plaintiff and Smokers' by and through Smokers' liability carrier was executed on May 20, 2016 for $35,000.

19. On May 23, 2016, after the indemnity letter and after the release was signed, Rushing advised that his supervisor was of the opinion that the lien was a workers compensation

9

lien, and was automatic.

20.     Rushing did not advise that he had been placed on notice of a **workers compensation** lien.

21.     Plaintiff's claim was not a workers' compensation lien pursuant to the Texas Labor Code and Rushing was so advised.

22.     On the same day, May 23, 2016, Rushing advised that "some lady called from the insurance company Anchor Risk Management to say they were the Workers' Compensation provider."

23.     Anchor represented to Republic that its lien was a statutory workers compensation lien, which is a lien provided pursuant to the Texas Labor Code.  This representation is not true and Anchor knows it the be untrue.

24.     In her affidavit Debra Harvey testifies that she is the manager for the Central Employee Benefit Occupational Injury Plan and was charged with the duty by Central and Anchor to manage the Plan.

25.     She then testifies that Central is a self-insured **non-subscriber** to the Texas Workers' Compensation program, meaning not providing Texas workers' compensation pursuant to the Texas Labor Code.

26.     Debra Harvey testifies in her affidavit that she received and anonymous phone call on May 12, 2016, **prior to the release being signed.  Prior to the indemnity letter being signed.**

27.     Debra Harvey testifies that on May 13, 2016 she was contacted by an adjuster for

Republic who requested a subrogation letter to Republic from Anchor.  Harvey sent the attached lien letter dated May 13, 216, which is attached pursuant to Rule 59 and incorporated by reference.  **Exhibit 5.**

28.     In Debra Harvey's affidavit attached as Exhibit 2  pursuant to Rule 59 and incorporated by reference, paragraph number 6, page 2 she testifies that she intentionally never notified Plaintiff or his lawyers about any lien or subrogation interest.  It is clear from the evidence attached she had more than sufficient time to do so, after the original letter to her and prior to the settlement after sending the letter to Republic.  There is no reasonable explanation why she did not copy Plaintiff on the letter to Republic.  The only rational and reasonable conclusion is from her own testimony that she intended not to which is a clear, intentional breach of her fiduciary duties and is fraud for which Plaintiff sues.

FRAUD FOR FAILURE TO DISCLOSE

29.     Plaintiff attaches **Exhibit 6** copies of section 105.4 of the PJC pursuant to Rule 59 and incorporates same by reference.

30.     Central and Anchor can be held liable for Fraud when:

   A.     They failed to disclose a material fact within the knowledge of that party;

   B.     They knew that Plaintiff was ignorant of the fact and he did not have an equal opportunity to discover the truth, and

   C.     They intended to induce Plaintiff to take some action by failing to disclose the fact, and

   D.     Plaintiff suffered injury as a result of acting with knowledge of the undisclosed fact.

11

31.     The failure to disclose sections for Fraud require some duty to disclose.  That duty exists as to both Central and Anchor.  See paragraph 8 under Duties owed to Plaintiff pursuant to ERISA previous and see Kujanek v. Houston Poly Ban I, LTD., 658 F.3d 483 (5th Cir 2011); Tex. Insurance Code section 541.

FACTS SUPPORTING FAILURE TO DISCLOSE

32.     According to the affidavit of Mark Cevallos, attached hereto pursuant to Rule 59 and incorporated by reference, no person or entity advised of any asserted suborgation interest prior to the settlement.  Exhibit 4.  Anchor and Central with full knowledge and awareness of a pending settlement sent subrogation notices to only one party to the settlement, not the person to whom they owed fiduciary responsibilities.  This malicious conduct was intended to have Plaintiff settle its claim and then seek a full reimbursement from Plaintiff and his lawyers as Central as done in the past.  Plaintiff is damaged because there would have been no settlement if the subrogation interest had been fully disclosed.

33.     According to the affidavit of Debra Harvey paragraph 5 and 6 of Exhibit 2, she issued a letter to Republic, but intentionally did not disclose anything to Plaintiff.

34.     This conduct is FRAUD and is further intentional and malicious and specifically directed at Plaintiff for which he sues.

35.     As a result of the facts alleged in these sections against Central and Anchor Plaintiff sues both CENTRAL AND ANCHOR for Breach of Fiduciary Duty.

VIII.

*CONSPIRACY*

1.      The PJC question and instruction on Civil Conspiracy is attached hereto and incorporated

12

by reference pursuant to Rule 59. **Exhibit 7.**

2.      For Plaintiff to have a claim for Civil Conspiracy there must be an underlying tort.  In this case it is Fraud, Insurance Code, and Breach of Fiduciary Duty.

3.      The elements are that Republic by and through its authorized agent and employee, whose conduct was supervised by a vice principal and ratified by a vice principal, and Debra Harvey, a vice principal of Anchor, and Anchor (Central), had knowledge that any subrogation interest was undisclosed to Plaintiff and Republic, Anchor, and Central, agreed to and intended to keep that information secret and hidden from Plaintiff for the common objective of settling the case and specifically harming Plaintiff my making sure that he was settling a claim for some other party, Anchor and Central, with the intended purpose of insuring he received nothing.  All parties acted in furtherance of the conspiracy by sending secret letters and keeping information material to Plaintiff secret at the same time as securing indemnity agreements from Plaintiff prior to any settlement.

4.      Plaintiff brings this suit against Central, Anchor and Republic for Conspiracy pursuant to the evidence attached Exhibits 2,4,5  for Conspiracy to commit Fraud, Breach of Fiduciary Duty and Insurance Code Violations.

5.      Plaintiff relies upon the allegations and exhibits referenced in paragraphs numbered 10-34 above.

6.      As a result of the facts alleged in Paragraph VII, Plaintiff sues Central and Anchor for Breach of Fiduciary Duty, Fraud, and Texas Insurance Code violations under §541.

IX.

13

### *CLAIMS AGAINST REPUBLIC*

1.      As are result of the facts alleged in paragraphs numbered VII and VIII specifically sections CENTAL IS A FIDUCIARY, ANCHOR IS A FIDUCIARY, DUTIES OWED TO PLAINTIFF PURSUANT TO ERISA, FACTS FOR MATERIAL MISREPRESENTATION, AND FAILURE TO DISCLOSE, Plaintiff brings this case against Republic for FRAUD.

2.      Plaintiff says that Rushing was an authorized agent of Republic at all times material to this suit.

3.      Plaintiff says that at all time material to this suit, Rushing was supervised by a vise principal for Republic.

4.      Plaintiff says that Republic by and through a vise principal either specifically authorized Rushing conduct or ratified his conduct in this matter.

5.      As a result of the conduct alleged in paragraph 1 of this section, Plaintiff sues Republic for Fraud ( Both misrepresentation and failure to disclose), violations of the Texas Insurance Code section 541, Conspiracy.

6.      Plaintiff further, and in the alternative, brings this suit against Republic to vitiate the contracts entered into in this matter for the reason that same were procured by fraud.

7.      Further and in the alternative, Plaintiff further seeks to enforce the agreements between Plaintiff and defendant Republic (Smokers'), but to require Republic to assume the liability for any and all liens or subrogation interests in this case which resulted from the facts alleged herein.

### X.

### *Claims against Smoker's Outlet, Inc.*

14

CONTRACTUAL CLAIMS

1.     Plaintiff brings this suit against SMOKER'S OUTLET, INC. to either enforce, or in the alternative, set aside the release agreement between the parties. At the time of the execution of the release Plaintiff was unaware of any alleged subrogation or reimbursement interest having been asserted by any party. Because the release was intended to settle all claims Plaintiff sues to enforce the contract, which require payment of settlement funds only to him and his counsel, or in the alternative, set aside the release agreement and proceed forward litigating his tort claims against SMOKER'S OUTLET, INC.

2.     As a result of the facts alleged herein and attached hereto, Plaintiff says that as a result of Republic's conduct the settlement agreement should be enforced and require Republic to assume all liability for any subrogation interest Republic hid, concealed and secreted from Plaintiff.

3.     In the alternative, the entire settlement agreement should be set aside and the parties reinstated to the facts and circumstances as they existed prior to any fraudulent inducement from Republic.

4.     In the alternative, if Plaintiff is liable to Central and or Anchor for any interest, then that liability should become the damages to and responsibility of Republic to pay.

5.     Plaintiff brings this suit pursuant to the Texas Insurance Code section 541 for liability therein and for attorney fees and additional or punitive damages pursuant to that statute.

PREMISES CLAIMS

1.     Plaintiff brings this suit against SMOKER'S OUTLET, INC. to recover for personal injuries that were suffered as a result of the negligence of the defendant in Ector County, Texas on

15

or about June 18, 2015.

2.      Plaintiff, while exercising due care for his own safety, was a business invitee on the premises of SMOKER'S OUTLET, INC., when he was tripped and fell on a dangerous condition on the premises, sustaining personal injuries. Defendant knew or should have known of the dangerous condition on the premises and failed to remedy same, specifically, that the hole in question was not properly covered and presented a dangerous condition.

     At the time and on the occasion in question, Defendant was negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question and the injuries sustained by Plaintiff.

3.      As a result of the incident above described the Plaintiff suffered severe personal injuries, causing Plaintiff to incur reasonable and necessary medical expenses, physical pain and mental anguish, disfigurement, impairment, loss of earnings, all in the past and in reasonable probability, will continue to suffer same in the future by reason of the nature and severity of the Plaintiff' injuries , as a result of Defendants' negligence for which Plaintiff sues.

## XI.

### *Damages*

1.      Plaintiff relied upon the representations and the failure to represent alleged in this petition. Plaintiff entered into a settlement and fully indemnify a party to that settlement at a time the willful and intentional fraud and fraudulent concealment existed.  Plaintiff would not have entered into the agreements that he did had all facts been as represented and had all facts and positions of the parties been fully disclosed.

2.      Plaintiff has been damaged in the amount of $35,000, the amount of the settlement.

16

3.   Plaintiff has been damaged for delay and for attorney fees pursuant to the Declaratory Judgment Statute, Texas Insurance Code section 541 and the Texas Civ Prac and Rem Code.

4.   Plaintiff suffered personal injuries arising from the accident for physical pain and mental anguish, loss of earnings and loss of earning capacity, physical impairment and medical expenses, all in the past an in reasonable probability in the future.

5.   Plaintiff sues for all actual and exemplary damages or punitive damages both statutory pursuant to the Civ Pract and Rem Code, Texas Ins. Code.

6.   By reason of the above and foregoing, Plaintiff has been damaged in a sum within the minimum jurisdictional limits of this court in excess of $100,000 but less than $200,000.

X.

Pursuant to Rule 194, Plaintiff requests Defendants to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l). (To only those Defendants who have not previously responded to Disclosures)

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants  appear herein and that upon a final trial of this cause, Plaintiff recover: judgment against Defendants for Plaintiff's damages as set forth above in an amount within the minimum jurisdictional limits of this court; prejudgment interests on Plaintiff's damages as allowed by law, attorney fees, a declaratory judgment as alleged herein, punitive damages as alleged herein, interest on the judgment at the legal rate; costs of court; and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,


LAW OFFICES OF MILLER & BICKLEIN
519 Golder Ave
Odessa, Texas 79761
(432) 362-4878
(432) 362-4624 (FAX)


By: _____ /s/ *KEVIN B. MILLER* _____
       KEVIN B. MILLER
       Kevin@mblaw.org
       STATE BAR NO. 14094500

       MARK A. CEVALLOS
       Mark@mblaw.org
       STATE BAR NO. 24038810

       ATTORNEYS FOR PLAINTIFF


PLAINTIFFS DEMANDS TRIAL BY JURY.

18

## CERTIFICATE OF SERVICE

By my signature below I certify that the foregoing have been served pursuant to TRCP 21a on the 16th day of June, 2017 upon:

William H. Chamblee
Douglas R. Lewis
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 N. Stemmons Frwy, Suite 1157
Dallas, Texas 75207
(214) 905-2003
(214) 904-1213 fax
wchamblee@crka.law; dlewis@crka.law
Attorneys for Defendant Central Freight Lines

Blake A. Bailey
Phelps Dunbar LLP
115 Grand Avenue, Suite 222
Southlake, Texas 76092-7629
(817) 305-0332
(817) 488-3214 fax
blake.bailey@phelps.com
Attorneys for Defendant Anchor Risk Management

Jerry L. Ewing
Walters, Balido & Crain, LP
Meadow Park Tower, Suite 1500
10440 N. Central Expressway
Dallas, Texas 75231
(214) 749-4805
(214) 760-1670-fax
ewingfax@wbclawfirm.com
Attorneys for Defendant Republic Underwriters Insurance Company

19

## CERTIFICATE OF SERVICE, cont'd

Timothy Micah Dortch
Cooper & Scully, PC
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540-fax
Micah.Dortch@coopersully.com
Attorneys for Smoker's Outlet, Inc.

/s/ *KEVIN B. MILLER*
KEVIN B. MILLER

20

# EXHIBIT 1

20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**FILED**

**JUL 1 5 2004**

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

        Plaintiff,

v.

RICHARD DANNER, JR. and
JAMES SHIFLET

        CIVIL ACTION
FILE NO.

        3 0 4 - C V - 1 5 4 2 K

---

**COMPLAINT**

---

COMES NOW, Central Freight Lines, Inc. for its Complaint against the

Defendants, states and alleges as follows:

<u>NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE</u>

1.    This is an action for equitable relief to enforce the terms of an employee welfare

benefit plan under the terms of the Employee Retirement Income Security Act of 1974,

29 U.S.C. §1000-1461.

2.    Plaintiff, Central Freight Lines, Inc. ("CFL") is the fiduciary of a self-funded

employee benefit plan ("Plan"). CFL is authorized to bring this action on behalf of all

Plan participants to enforce the terms of the Plan and to protect the assets of the Plan

under 29 U.S.C. §1132(a)(3).

3.    Defendant Richard Danner, Jr. is an attorney that currently has control of the

funds in this case in his client trust account. This is an action for the imposition of a

1



constructive trust and other equitable relief to recover these funds.  No money damages

are being sought from the Defendants in this matter.

4.      Defendant James Shiflet ("Shiflet") was at all relevant times a participant in the

Plan and subject to all terms and provisions of the Plan document.  The disputed funds

are held by Richard Danner, Jr. in trust for the benefit of Shiftlet.

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is

an action to enforce the terms of an employee welfare benefit plan under ERISA.

6.      Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the

Defendants reside in this District and because the breach of the Plan provision has

occurred and is occurring in this district.

### FACTUAL ALLEGATIONS

7.      At all times relevant herein, Shiflet was a participant in the Plan issued by Central

Freight Lines, Inc. as part of its employee benefit plan.

8.      On or about December 2, 2002, James Shiflet sustained personal injuries in an

automobile accident.

9.      The Plan extended benefits in the amount of $39,500.40 as a result of the

automobile accident.

10.     The Plan contains an express provision which provides for the Plan's first priority

right on behalf of the Plan from any personal injury recovery received from a third party.

Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the

Plan, which are incorporated by reference herein.

11.     The Plan provision further requires the covered person to reimburse the Plan by

conveying the funds from the recovery,  (1) "even if the Covered Person is only partially

2





compensated for all losses"; and (2) "whether or not said losses reflect medical or dental charges covered by this Plan"; and (3) in priority of "non medical or dental charges, attorney fees, or other costs and expenses".

12.     The Plan, through its representatives, was informed that James Shiflet made a recovery arising out of the personal injury claim, and that such funds are being held in the trust account of Defendant, Richard Danner, Jr.

13.     Despite repeated requests, Defendants have refused to turn over the funds, contending that the Plan has no right to the funds and have hereby breached the terms of the Plan and ERISA.

## EQUITABLE RELIEF

14.     Pursuant to §1132(a)(3), the Plaintiff seeks equitable relief against Defendants to enforce ERISA and the terms of the Plan.

15.     Defendants' refusal to turn over the funds violates the terms of the Plan and ERISA. Plaintiff is entitled to equitable restitution in the form of a constructive trust or equitable lien with respect to the funds held in the Richard Danner. Jr. trust account.

16.     The funds currently controlled by Richard Danner, Jr. should be ordered to be turned over to the Plaintiff in order to enforce the terms of the Plan and ERISA.

WHEREFORE, the Plaintiff seeks the following relief:

    a.  For service upon the Defendants as required by law;

    b.  An order imposing a constructive trust and/or an equitable lien in favor of the Plaintiff upon any funds or any property into which they have been converted which is in the Defendants' possession or under the Defendants' control;

3

c.  An order enjoining the Defendants from dissipating any of the settlement funds until Plaintiff's rights can be adjudicated;

d.  An order enjoining the Defendants from transferring or disposing of the settlement funds which would prejudice, frustrate or impair Plaintiffs's ability to recover same;

e.  An order awarding to Plaintiff reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C. §1132(g)(1); and

f.  Other and further equitable relief to which Plaintiff may be entitled.

This __15__ of July, 2004.

SHARPS & ASSOCIATES, PSC

Stephen Gossett
Attorney for Plaintiff

Sterling Plaza
5945 Sherry Lane, Suite 1550
Dallas, Texas  75225
Telephone: (214) 360-0044
Facsimile:  (469) 232-0261

4

Appendix 277

## OTHER PARTY RECOVERY PROVISION

**RIGHT OF SUBROGATION AND REFUND**

**When this provision applies.** The Covered Person may incur medical or dental charges due to injuries which may be caused by the act or omission of another party or another party may be responsible for payment. In such circumstances, the Covered Person may have a claim against that other party, or insurer, for payment of the medical or dental charges. Accepting benefits under this Plan for those incurred medical or dental expenses *automatically assigns to this Plan any rights the Covered Person may have to recover payments from any other party or insurer.* This subrogation right allows this Plan to pursue any claim which the Covered Person has against any other party, or insurer, whether or not the Covered Person chooses to pursue that claim. The Plan may make a claim directly against the other party or insurer, but in any event, this Plan has a first priority lien on any amount recovered by the Covered Person whether or not designated as payment for medical expenses. This first priority lien shall remain in effect until this Plan is repaid in full.

The Covered Person:

(1)   Automatically assigns to this Plan his or her rights against any other party or insurer when this provision applies; and

(2)   Must repay to this Plan the benefits paid on his or her behalf out of the recovery made from the other party or insurer.

**Amount subject to subrogation or refund.** The Covered Person agrees to recognize this Plan's first priority right to subrogation and reimbursement. These rights provide this Plan with a first priority with respect to any funds paid by another party to a Covered Person relative to the injury or illness, even if the Covered Person is only partially compensated for all losses. The Plan's priority recovery right includes a priority over any claim for non-medical or dental charges, attorney fees, or other costs and expenses. Any so-called "make whole" or "full compensation" rule or doctrine is hereby explicitly rejected and disavowed.

Notwithstanding its priority to funds, this Plan's subrogation and refund rights, as well as the rights assigned to it, are limited to the extent to which this Plan has made, or will make, payments for medical or dental charges as well as any costs and fees associated with the enforcement of its rights under this Plan.

When a right of recovery exists, the Covered Person will execute and deliver all required instruments and papers as well as doing whatever else is needed to secure this Plan's right of subrogation as a condition to having this Plan make payments. In addition, the Covered Person will do nothing to prejudice the right of this Plan to subrogate.

**Defined terms:** "Recovery" means monies paid to the Covered Person by way of judgment, settlement, or otherwise to compensate for all losses caused by the injuries or illness whether or not said losses reflect medical or dental charges covered by this Plan.

"Subrogation" means this Plan's right to pursue the Covered Person's claims for medical or dental charges against the other person.

"Refund" means repayment to this Plan for medical or dental benefits that it has paid toward care and treatment of the injury or illness.

*Note: As used only in this provision, the term "Covered Person" is deemed to include any legal or personal representative, parent, guardian, or estate of a Covered Person.*

**Recovery from another plan under which the Covered Person is covered.** This right of refund also applies when a Covered Person recovers under an uninsured or underinsured motorist plan, homeowner's plan, renter's plan, medical malpractice plan or any liability plan.

50146-PD01-MDVR(V1.0)                    54

EXHIBIT A

JS 44 (Rev. 4/97)

Case 3:04-cv-01542-K   Document 1   Filed 07/15/04   Page 1 of 6   PageID 1

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**

Central Freight, Inc. (as fiduciary of the Central
Freight Lines, Inc. Health Care Plan)

**DEFENDANTS**

Richard Danner, Jr.
James Shiflet

FILED
JUL 15 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

McLennan County, Texas

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Stephen Gossett, Sharps & Associates, PSC
5949 Sherry Lane, Suite 1550, Dallas TX 75225
(214) 360-0044

ATTORNEYS (IF KNOWN)

Richard Danner, Jr.

3-04CV-1542K

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)  AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☒ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. §1132(a)(3), action for equitable relief under ERISA to enforce plan terms.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 20,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY

7/15/04
DATE

_(signature)_
SIGNATURE OF ATTORNEY OF RECORD

 



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

FILED
JUL 1 6 2004
CLERK, U.S. DISTRICT COURT
By _____
Deputy

CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

      Plaintiff,

v.

RICHARD DANNER, JR. and
JAMES SHIFLET

      CIVIL ACTION
      FILE NO.  3-04CV-1542K

---

## BRIEF IN SUPPORT OF TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION

---

### I.    FACTUAL BACKGROUND

1.    On or about December 2, 2002, James Shiflet was injured in an accident and incurred medical expenses as a result of that accident.

2.    On or after the date of the accident, Shiflet, as a participant of the Central Freight, Inc. Health Care Plan (the "Plan"), was eligible to, and did, receive benefits under the Plan for medical expenses that Shiflet sustained in the accident.

3.    On December 2, 2002, and all material times thereafter, the Plan contained a reimbursement provision, requiring that Shiflet reimburse the Plan if he recovered money from another source as a result of the accident.

4.    Shiflet received benefits totaling $39,500.40 under the Plan, subject to and conditioned upon the Plan's right of reimbursement up to the amount of the recovery Shiflet obtained for claims arising out of the accident.

5.      Shiflet retained James G. Danner, Jr. to represent him with regard to his claims arising out of the accident.

6.      Shiflet settled one claim arising out of the accident for $20,000.

7.      In spite of the Plan's rights as set forth in the Plan document, defendants have failed to reimburse the Plan, have failed and refused to pay the amount demanded by and belonging to the Plan, and have therefore been unjustly enriched by the retention monies paid in settlement of Shiflet's claims arising out of the accident.

8.      On information and belief, the settlement funds are being held in the trust account of James G. Danner, Jr. ("Danner").

9.      After an attempt to negotiate the Plan's interest in the funds held in his trust account, Danner advised that he would no longer agree to hold the funds in trust.

## II.    ARGUMENT

### A.    Standard for Issuance of a Temporary Restraining Order

A court may issue a temporary restraining order or preliminary injunctive relief if the Plaintiff establishes the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendants; ad (4) that the injunction is will not disserve the public interest. *See Sugar Busters LLC v. Brennan*, 177 F.3d 28 (5th Cir. 1999).

### B.    Temporary Restraining Order is Warrented

#### 1.    *The Plan Will Likely Prevail on the Merits*

To obtain a temporary restraining order, the Plan must demonstrate that there is a substantial likelihood that it will ultimately prevail on the merits. *Sugar Busters* at 265.

-2-

Only a likelihood must be shown; the Plan does not need to prove that it will prevail. *See Wail v. Coughlin*, 754 F.2d 1015, 1025 (2nd Cir. 1985).

Here, the Plan seeks equitable restitution in the form of a constructive trust over settlement proceeds held in trust for the plan participant by the plan participant's attorney. This case is indistinguishable from *Bombardier Aerospace Employee Welfare Benefit Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2412 (2004). In *Bombardier*, the plan participant retained a law firm to seek recovery from a tortfeasor responsible for injuries he received in an automobile accident. After negotiating a $65,000 settlement, the law firm received payment and placed the funds in a trust account in the law firm's name. The ERISA plan had advanced medical expenses in the amount of $13,643.63 under plan documents that required reimbursement when a plan participant made a recovery from another source. The plan participant refused to reimburse the plan out of the settlement proceeds. The plan then brought an action under §502(a)(3) against the law firm (who held the funds) requesting the imposition of a constructive trust over the disputed funds. The district court granted the plan's request and the plan participant and the law firm appealed.

The Fifth Circuit affirmed the decision of the trial court, and established a three part test to determine whether a claim under ERISA 29 U.S.C. §1132(a)(3) is equitable: "Does the Plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the Plan, and (3) that are within in the possession of the defendant...". *Id.* at 356.

Central Freight's claim meets all of the elements of this test. First, the plan seeks funds that are specifically identifiable and traceable to the tort settlement. Second, the funds belong in good conscience to the plan under a valid reimbursement provision in the plan. Finally, the funds are in the possession and control of the plan participant's trustee.

-3-

2.      *The Plan Will Suffer Irreparable Injury if a TRO Is Not Issued*

The Plan faces a clear prospect of irreparable injury if the settlement funds are dissipated. In *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), the United States Supreme Court held that plaintiffs such as the Plan can only maintain actions in equity under 29 U.S.C. §1132(a)(3).  In explaining the difference between actions in equity and actions at law, the Court held:

> [A] plaintiff could seek restitution in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession…A court of equity could then order a defendant to transfer title (in the case of a constructive trust) or to give a security interest (in the case of an equitable lien) to a plaintiff who, in the eyes of equity, was the true owner…But where the property [sought to be recovered] or its proceeds have been dissipated so that no product remains, the Plaintiff's claim is only that of a general creditor and the plaintiff cannot enforce a constructive trust or an equitable lien on the property of the defendant.

*Id.* at 213 (emphasis added).

Therefore, if the defendants are allowed to disburse the settlement funds, such that they are no longer in the defendants' possession or otherwise identifiable and traceable, ERISA would not permit a remedy against the defendants.  Also, any right or remedy provided under Texas law against the plan participant would be completely pre-empted by ERISA.  *See Aetna v. Davila*, 124 S.Ct. 2488 (2004).

3.      *The Threatened Injury Outweighs Potential Harm*

The Plan must show that the potential injury that it faces outweighs that which would be sustained by Defendants if a temporary restraining order were granted.  As stated above, the Plan faces the threat of forever losing its interest in the settlement proceeds. On the other hand, Defendants face no potential injury from preliminary injunctive relief from the Court, except a

-4-

small delay in the availability of the funds. Should this Court ultimately decide that the Plan has

no rights to the disputed funds, the funds will be immediately available for disbursement.

        4.    *The Public Interest is Not Relevant to This Request for Relief*

The public interest should be considered in deciding whether to grant preliminary

injunctive relief in cases where that interest may be affected. *See Sammartano v. First Judicial

District Ct.,* 303 F.3d 959, 974 (9th Cir. 2002). Here, there is no potential impact on the public

interest – the temporary restraining order in this case would only prevent the immediate

disbursement of the disputed funds.

## III.    CONCLUSION

Because the disputed funds held in trust by Richard G. Danner, Jr. belong in equity to the

Plan, this Court should issue an order restraining and enjoining the defendants from disbursing

the money held in trust for James Shiflet.

        Respectfully Submitted,

        SHARPS & ASSOCIATES, PSC

        _____
        Stephen Gossett
        Texas Bar No. 08226700
        Attorney for Plaintiff

Sterling Plaza
5945 Sherry Lane, Suite 1550
Dallas, Texas 75225
Telephone: (214) 360-0044
Facsimile: (469) 232-0261

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 16 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

       Plaintiff,

v.

RICHARD DANNER, JR. and
JAMES SHIFLET

       CIVIL ACTION
       FILE NO.      3-04CV-1542K

---

## PLANTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

---

Comes now, Central Freight and moves this Court pursuant to F.R.C.P. 65(a) and requests that this Court enter a temporary restraining order and preliminary injunction (1) enjoining Richard G. Danner, Jr. from disbursing the $20,000 settlement funds to James Shiflet, directly or indirectly; (2) enjoining James Shiflet from disposing of or intermingling with his own funds any of the settlement proceeds he may receive; and (3) if such proceeds have been received by Shiflet, that he place such funds in a separate account until the Plan's rights can be adjudicated.

Cenral Freight further moves this Court for a hearing on this matter at the Court's earliest convenience.

In support of its Motion, Central Freight relies upon its supporting brief, the affidavit of Sharon Bowers, the affidavit of John D. Kolb, and all other pleadings or discovery on file or to be filed with the Court.



SHARPS & ASSOCIATES, PSC

Stephen Gossett
Texas Bar No. 08226700
Attorney for Plaintiff

Sterling Plaza
5945 Sherry Lane, Suite 1550
Dallas, Texas 75225
Telephone: (214) 360-0044
Facsimile: (469) 232-0261

-2-



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION


CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

     Plaintiff,                       CIVIL ACTION
                                      FILE NO.

v.

RICHARD DANNER, JR. and
JAMES SHIFLET


---

### AFFIDAVIT OF SHARON BOWERS

---

STATE OF KENTUCKY    §
                           §
COUNTY OF JEFFERSON  §

     BEFORE ME, the undersigned authority, on this day personally appeared Sharon

Bowers who being duly sworn, deposed, and stated as follows:

         My name is Sharon Bowers.  I am over the age of twenty-one and competent

         in all respects to make this affidavit.

2.     I am a claims supervisor with Healthcare Recoveries -- which provides

         subrogation and recovery services to the Central Freight Lines, Inc. Health

         Care Plan.  I am personally familiar with the facts of this case, and have

         personal knowledge of the statements contained in this affidavit.  I swear

         that each statement in this affidavit is true and correct and made under the

         penalty of perjury.

1

3.     The Central Freight Lines, Inc. Health Care Plan has extended benefits in the amount of $39,500.40 for treatment of injuries related to the a motor vehicle accident that occurred on or about December 2, 2002.

4.     As of today, neither Healthcare Recoveries nor Central Freight Lines, Inc. Health Care Plan have been reimbursed for those benefits.

FURTHER AFFIANT SAYETH NOT.

_Sharon Bowers_
Sharon Bowers

SWORN TO AND SUBSCRIBED before me, the undersigned, this 16th day of July, 2002.

_____
Notary Public, State of Kentucky

My Commission Expires: 6-20-08

2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

      Plaintiff,

v.

RICHARD DANNER, JR. and
JAMES SHIFLET

                                        CIVIL ACTION
                                        FILE NO.  3-04CV-1542K

---

### AFFIDAVIT OF JOHN D. KOLB

---

STATE OF KENTUCKY    §
                             §
COUNTY OF JEFFERSON  §

    BEFORE ME, the undersigned authority, on this day personally appeared John D. Kolb who being duly sworn, deposed, and stated as follows:

    My name is John D. Kolb.  I am over the age of twenty-one and not under any disability that would preclude my making this affidavit.

2.    I am an attorney at the law firm of Sharps & Associates, PSC, the firm retained as counsel for plaintiff, Central Freight Lines, Inc.

3.    In this capacity, I am personally familiar with facts outlined in this affidavit.

4.    On June 18, 2004, I spoke with Richard G. Danner, Jr., counsel for James Shiflet who advised me that Mr. Shiflet had settled his claim against one underinsured motorist carrier for policy limits of $20,000.  Mr. Danner also advised that the proceeds of the settlement were held in his trust account.

5      On July 15, 2004, I received a facsimile from Mr. Danner advising that he will

no longer agree to retain the settlement proceeds in his account.  A copy of the

facsimile is attached as Exibit A.


FURTHER AFFIANT SAYETH NOT.



                                    _John D. Kolb_


SWORN TO AND SUBSCRIBED before me, the undersigned, this _16_ day of July,
2002.


                                    _____
                                    Notary Public, State of Kentucky


                        My Commission Expires: May 2, 2008

2

# Richard G. Danner, Jr.

ATTORNEY AT LAW
6440 N. CENTRAL EXPRESSWAY, SUITE 515
DALLAS, TEXAS 75206

Richard G. Danner, Jr.
Board Certified Personal
Injury Trial Law -
Texas Board of Legal Specialization

(214) 987-0066
(214) 369-1966 Fax
Email:rgdanner@auslide.com

July 15, 2004

John Kolb
Attorney at Law
1930 Bishop Lane
Louisville, KY 40218

VIA FAX 502-515-6126

re:   Health Plan: Benesight
      Your Insured: James Ralph Shiflet
      Date of Injury: 12-2-02
      Event No.: 2643382-2641042

Dear John:

This correspondence confirms my understanding of our telephone conversation of July 13th regarding the potential division of the settlement proceeds from the UM settlement received from the automobile insurance carrier for Ralph Shiflet. We had previously discussed a distribution of $4,500 to Healthcare Recoveries, $9,000 to Ralph Shiflet and $6,500 to myself for attorney's fees and expenses. I agreed to retain the $20,000 of settlement proceeds in my trust account so that you would have an opportunity to discuss this matter with Healthcare Recoveries and Central Freight.

On July 13, 2004, you advised that Central Freight had rejected the proposed settlement and was now insisting upon receipt of $10,000 from the insurance carrier providing underinsured motorist coverage to Ralph Shiflet.

Since Central Freight has declined to accept the proposed division of funds, whereby each of the parties received a reduction in the amount they would have received from the settlement, I am advising you that my commitment to retain the $20,000 settlement proceeds in my trust account is withdrawn as of this date. You are now on notice that that commitment no longer exists.

Very truly yours,

Richard G. Danner, Jr.

RGD/vml
cc: Ralph Shiflet

**OF NOT**
**ORIGINAL**

1IN THE UNITED STATES DISTRICT COURT 
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SEP 27

CLERK, U.S. DISTRICT COURT
By _____
Deputy

CENTRAL FREIGHT LINES, INC.
(as fiduciary of the CENTRAL FREIGHT
LINES, INC. HEALTH CARE PLAN)

    Plaintiff,

v.

RICHARD DANNER, JR. ,
JAMES SHIFLET and UNKNOWN
BANK ABC

CIVIL ACTION
FILE NO. 3:04-CV-1542-K

### NOTICE OF VOLUNTARY DISMISSAL

NOTICE IS HEREBY GIVEN that pursuant to Fed.R.Civ.Pro. 41(a), plaintiff

voluntarily dismisses the above-captioned action without prejudice.

DATED:  9-24-04

SHARPS & ASSOCIATES, PSC

Stephen Gossett
Attorney for Plaintiff

Sterling Plaza
5945 Sherry Lane, Suite 1550
Dallas, Texas 75225
Telephone: (214) 360-0044
Facsimile: (469) 232-0261

1

# EXHIBIT 2

21

CAUSE NO. D-16-05-0545-CV

| | | |
|---|---|---|
| WILLIAM NEWBROUGH | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 358TH JUDICIAL DISTRICT |
| | § | |
| ANCHOR RISK MANAGEMENT AND | § | |
| CENTRAL FREIGHT LINES, INC. | § | ECTOR COUNTY, TEXAS |

### AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF Dallas | § |
| | § |

BEFORE ME, the undersigned authority, personally appeared Debora Harvey, who after being sworn, did depose and state as follows:

"My name is Debora Harvey. I am fully competent to make this affidavit. The statements made herein are true and are based on my personal knowledge gained in my employment and personal involvement in this matter.

1.    I am a Senior Claims Adjuster for Anchor Risk and Claims Management ("Anchor") and am familiar William Newbrough's ("Newbrough") claim for benefits under Central Freight Lines, Inc.'s ("Central Freight") Occupational Injury Benefit Plan. I was assigned by Anchor to manage Newbrough's claim for personal injuries relating to an accident that occurred on or about June 23, 2015 while he was making a delivery for Central Freight Lines at Smoker's Outlet.

2.    Central Freight is a self-insured nonsubscriber to the Texas Workers' Compensation program, and Anchor serves as the third-party administrator for Central Freight's self-insured Occupational Injury Benefit Plan. Anchor is not an insurer. All money paid on behalf of Newbrough for his medical treatment was paid by Central Freight.

PD.20703063.1

3.     After his injury, Newbrough began medical treatment in June 2015. He or his healthcare provider submitted his proposed treatment to Anchor. I then obtained approval for the treatment from Central Freight. Between June 2015 and April 2016, I had numerous conversations with Newbrough and his healthcare providers regarding his medical treatment. Newbrough never informed Anchor that he was pursuing damages from Smoker's Outlet

4.     On May 12, 2016, I received an anonymous phone call. The caller informed me that Mr. Newbrough was now represented by counsel in connection with the injury for which he had made a claim and that Newbourgh's attorney was not going to disclose his representation to Central Freight or Anchor at that time.

5.     On May 13, 2016, the adjuster for Republic Group, Smoker's Outlet's insurer, contacted me and requested that I send a subrogation letter with a detailed check register. I sent Republic Group the subrogation letter and check register that same day, May 13, 2016.

6.     Neither Newbrough nor his attorney ever contacted me regarding Newbrough's settlement with Smoker's Outlet and Republic Group, and I never made any representations to Newbrough or his attorney regarding any subrogation interest.

7.     At no time did Anchor indicate that it would waive Central Freight's subrogation interest. Anchor never renounced any subrogation interest on behalf of Central Freight or any one else, and at no time did Anchor indicate an intention to waive any such subrogation interest.

8.     Attached as Exhibit D to Anchor's Motion for Summary Judgement is a true and correct copy of the letter and check register that I sent to Republic Group on May 13, 2016, with the payee of medical claims redacted due to medical privacy requirements. The letter and check register are a part of the records kept by Anchor in the regular course of business, and it was in the regular course and business for me, as the Senior Claims Adjuster handling the claim, to draft

the letter and transmit the letter and check register. The letter and check register were made in the regular course of business at or near the time."

    Further, Affiant Sayeth Not.

SIGNED on this the ___9___ day of ___March_____, 2017.

                                       _____
                                       Debora Harvey

    SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this the ___7th___ day of ___March___, 2017, to certify which witness my hand and seal of office.

                                      _____
                        Notary Public in and for the State of Texas

> DORIS G VAN HORN
> Notary ID # 2832643
> My Commission Expires
> August 13, 2020

# Exhibit B

STATE OF TEXAS           §
                          §
COUNTY OF Ector           §

## AFFIDAVIT CONCERNING COST AND NECESSITY OF MEDICAL OR OTHER SERVICES

BEFORE ME, the undersigned authority, on this day personally appeared
_Claudia Jacquez_ , who by me being duly sworn deposes as follows:

"My name is _Claudia Jacquez_ . I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated below..

I am the person in charge of the PATIENT ACCOUNT RECORDS for _PhyTex Rehab_ and as such, I am familiar with reasonable and necessary charges for those services. Attached to this Affidavit are records that provide an itemized statement for the service and the charge for the service that _PhyTex Rehab_ provided to The Law Offices of Miller & Bicklein on the date of _January 6, 2016_ . The attached records are a part of this Affidavit.

The attached records are kept by _PhyTex Rehab_ in the regular course of business, and it was the regular course of business of _PhyTex Rehab_ for an employee or representative of _PhyTex Rehab_ , with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services were provided were necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount paid for the services was $ 2509.36 and the amount currently unpaid but which _545.02_ has a right to be paid after any adjustments or credits is $ 545.02

_Claudia Jacquez_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on this, the 6 day of January 2016, by the said _Claudia Jacquez_ , Affiant

KIMBERLY D. FREDERICK
My Commission Expires
August 31, 2017

_Kimberly D. Frederick_
NOTARY PUBLIC, STATE OF TEXAS

# Patient Statement Inquiry

### Patient : 24329 – Newbrough, William H

| Date | | | | Amount |
|---|---|---|---|---|
| 09-10-2015 | | | 1.00 | 160.00 |
| | | | 1.00 | 76.00 |
| | | | 1.00 | 0.01 |
| | | | 1.00 | 0.01 |
| 09-15-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 09-17-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 09-21-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 09-24-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 09-29-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 10-01-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 10-06-2015 | | | 1.00 | 76.00 |
| | | | 2.00 | 136.00 |
| | | | 1.00 | 0.01 |
| | | | 1.00 | 0.01 |
| 10-08-2015 | | | 2.00 | 136.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 10-13-2015 | | | 3.00 | 204.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 10-15-2015 | | | 3.00 | 204.00 |
| | | | 1.00 | 65.00 |
| | | | 1.00 | 34.00 |
| 10-20-2015 | | | 3.00 | 204.00 |
| | | | 1.00 | 34.00 |
| 10-22-2015 | | | 4.00 | 272.00 |
| | | | 1.00 | 65.00 |
| 11-08-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 09/15/2015-09/15/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -147.77 |

Printed 1/6/2016 11:50:35 AM
From RT_5382 By cjacquez

# Patient Statement Inquiry

### Patient : 24329 - Newbrough, William H

| Date | Type | Description | | Amount |
|------|------|-------------|---|--------|
| 11-06-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 09/24/2015-09/24/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -147.77 |
| 11-06-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 09/17/2015-09/17/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -147.77 |
| 11-06-2015 | Payment | Anchor Claims Management paid 150.20 for DOS 09/10/2015-09/10/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -150.20 |
| 11-06-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 09/21/2015-09/21/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -147.77 |
| 11-06-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 09/29/2015-09/29/2015 via check # 14017, Batch # 110615PTRDEP1SS. | | -147.77 |
| 11-06-2015 | Discount | Discount of $87.23 for DOS 09/15/2015-09/15/2015, Batch # 110615PTRDEP1SS. | | -87.23 |
| 11-06-2015 | Discount | Discount of $87.23 for DOS 09/24/2015-09/24/2015, Batch # 110615PTRDEP1SS. | | -87.23 |
| 11-06-2015 | Discount | Discount of $87.23 for DOS 09/17/2015-09/17/2015, Batch # 110615PTRDEP1SS. | | -87.23 |
| 11-06-2015 | Discount | Discount of $84.82 for DOS 09/10/2015-09/10/2015, Batch # 110615PTRDEP1SS. | | -84.82 |
| 11-06-2015 | Discount | Discount of $87.23 for DOS 09/21/2015-09/21/2015, Batch # 110615PTRDEP1SS. | | -87.23 |
| 11-06-2015 | Discount | Discount of $87.23 for DOS 09/29/2015-09/29/2015, Batch # 110615PTRDEP1SS. | | -87.23 |
| 11-09-2015 | 97002 | | | 75.00 |
| | 97110 | | | 136.00 |
| | G8984.CK | | | 0.01 |
| | G8985.CH | | | 0.01 |
| 11-17-2015 | 97110 | | | 204.00 |
| | 97140 | | | 130.00 |
| 11-19-2015 | 97110 | | | 204.00 |
| | 97140 | | | 130.00 |
| 11-24-2015 | 97110 | | | 204.00 |
| | 97140 | | | 130.00 |
| 11-30-2015 | Payment | Anchor Claims Management paid 151.06 for DOS 10/20/2015-10/20/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -151.06 |
| 11-30-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 10/01/2015-10/31/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -147.77 |
| 11-30-2015 | Payment | Anchor Claims Management paid 147.77 for DOS 10/08/2015-10/08/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -147.77 |

Appendix 300

## Patient Statement Inquiry

### Patient : 24329 - Newbrough, William H

| Date | Type | Description | | Amount |
|---|---|---|---|---|
| 11-30-2015 | Payment | Anchor Claims Management paid 145.40 for DOS 10/06/2015-10/06/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -145.40 |
| 11-30-2015 | Payment | Anchor Claims Management paid 191.84 for DOS 10/15/2015-10/15/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -191.84 |
| 11-30-2015 | Payment | Anchor Claims Management paid 191.84 for DOS 10/13/2015-10/13/2015 via check # 14086, Batch # 113015PTRDEP1JH. | | -191.84 |
| 11-30-2015 | Discount | Discount of $86.94 for DOS 10/20/2015-10/20/2015, Batch # 113015PTRDEP1JH. | | -86.94 |
| 11-30-2015 | Discount | Discount of $87.23 for DOS 10/01/2015-10/01/2015, Batch # 113015PTRDEP1JH. | | -87.23 |
| 11-30-2015 | Discount | Discount of $87.23 for DOS 10/08/2015-10/08/2015, Batch # 113015PTRDEP1JH. | | -87.23 |
| 11-30-2015 | Discount | Discount of $65.62 for DOS 10/06/2015-10/06/2015, Batch # 113015PTRDEP1JH. | | -65.62 |
| 11-30-2015 | Discount | Discount of $111.16 for DOS 10/15/2015-10/15/2015, Batch # 113015PTRDEP1JH. | | -111.16 |
| 11-30-2015 | Discount | Discount of $111.16 for DOS 10/13/2015-10/13/2015, Batch # 113015PTRDEP1JH. | | -111.16 |
| 12-10-2015 | Payment | Anchor Claims Management paid 217.07 for DOS 10/22/2015-10/22/2015 via check # 14126, Batch # 121015PTRDEP1SD. | | -217.07 |
| 12-10-2015 | Discount | Discount of $119.93 for DOS 10/22/2015-10/22/2015, Batch # 121015PTRDEP1SD. | | -119.93 |
| 12-16-2015 | Payment | Anchor Claims Management paid 213.78 for DOS 11/19/2015-11/19/2015 via check # 14148, Batch # 121615PTRDEP1SD. | | -213.78 |
| 12-16-2015 | Payment | Anchor Claims Management paid 213.78 for DOS 11/17/2015-11/17/2015 via check # 14141, Batch # 121615PTRDEP1SD. | | -213.78 |
| 12-16-2015 | Discount | Discount of $120.22 for DOS 11/19/2015-11/19/2015, Batch # 121615PTRDEP1SD. | | -120.22 |
| 12-16-2015 | Discount | Discount of $120.22 for DOS 11/17/2015-11/17/2015, Batch # 121615PTRDEP1SD. | | -120.22 |
| | | Total Charges on Account: | | 4485.06 |
| | | Total Payments on Account: | | -2509.36 |
| | | Total Discounts on Account: | | -1430.68 |
| | | Total Account Adjustments: | | 0.00 |
| | | Total Account Charge Reversals: | | 0.00 |
| | | Account Balance Due: | | 545.02 |

01/05/2016   10:20                    (FAX)103864791                    P.004/004

STATE OF TEXAS          §
                        §
COUNTY OF _____   §

### AFFIDAVIT CONCERNING COST AND NECESSITY OF
### MEDICAL OR OTHER SERVICES

BEFORE ME, the undersigned authority, on this day personally appeared
__Candale Brown__ who by me being duly sworn deposes as follows:

"My name is __Candale Brown__. I am over 18 years
of age, of sound mind, capable of making this affidavit, and personally acquainted
with the facts stated below.

I am the person in charge of the PATIENT ACCOUNT RECORDS for
__East University Family Medicine__ and as such, I am familiar with reasonable and necessary
charges for those services. Attached to this Affidavit are records that provide an
itemized statement for the service and the charge for the service that
__East University Family Med__ provided to The Law Offices of Miller & Bicklein on the
date of __6-23-15 to 8-31-15__. The attached records are a part of this
Affidavit.

The attached records are kept by __East University Family Medicine__ in the regular
course of business, and it was the regular course of business of
__East University Family Medicine__ for an employee or representative of
__East University Family Med__ with knowledge of the service provided, to
make the record or to transmit information to be included in the record. The
records were made in the regular course of business at or near the time or
reasonably soon after the time the service was provided. The records are the
original or a duplicate of the original.

The services were provided were necessary and the amount charged for the
services were reasonable at the time and place that the services were provided.

The total amount paid for the services was $ __645.90__ and the amount
currently unpaid but which __East University Family__ has a right to be paid after any
adjustments or credits is $ __0__.



_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on this, the __11__ day of __January__

2015, by the said __Candale Brown__, Affiant

_____
NOTARY PUBLIC, STATE OF TEXAS

Patricia Ann Rodriguez
Notary Public,
State of Texas
Expires:06-19-2018

Appendix 302

# Billing Summary: NEWBROUGH, WILLIAM H #21955 (E#21955)
## FIRST PHYSICIANS, MICHAEL V SHELTON MD PA

printed 01/12/2016 09:41 AM

MICHAEL V SHELTON MD PA
PO BOX 14704
BELFAST, ME 04915-4042
billing phone: (432) 552-5656

| GUARANTOR NAME AND ADDRESS | PATIENT NAME |
|---|---|
| WILLIAM H NEWBROUGH | WILLIAM H NEWBROUGH |
| DOB | HOME TELEPHONE |

## Billing Summary

| Claim/Procedure | Date | | Reason | | Ins | Supervisory Provider | Ins | | |
|---|---|---|---|---|---|---|---|---|---|

Claim ID 3306

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 3306 | 36415 | 02/17/2015 | 02/17/2015 | CHARGE | 36415 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $18.00 | |
| 3306 | 36415 | 02/17/2015 | 02/25/2015 | PAYMENT | ACH ********4110 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-3.00 | |
| 3306 | 36415 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | CONTRACTUAL (18245) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-15.00 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 80053 | 02/17/2015 | 02/17/2015 | CHARGE | 80053 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $75.00 | |
| 3306 | 80053 | 02/17/2015 | 02/25/2015 | PAYMENT | ACH ********4110 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-32.30 | |
| 3306 | 80053 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | CONTRACTUAL (18245) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-42.70 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 83718 | 02/17/2015 | 02/17/2015 | CHARGE | 83718 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $37.00 | |
| 3306 | 83718 | 02/17/2015 | 02/25/2015 | PAYMENT | ACH ********4110 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-6.16 | |
| 3306 | 83718 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | CONTRACTUAL (18245) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-30.84 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 84443 | 02/17/2015 | 02/17/2015 | CHARGE | 84443 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $65.00 | |
| 3306 | 84443 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | GLOBAL (37762) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-65.00 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 85025 | 02/17/2015 | 02/17/2015 | CHARGE | 85025 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $35.00 | |
| 3306 | 85025 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | GLOBAL (37762) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-35.00 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 99000 | 02/17/2015 | 02/17/2015 | CHARGE | 99000 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $30.00 | |
| 3306 | 99000 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | GLOBAL (37762) | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $-30.00 | |
| | | | | | | OUTSTANDING | | $0.00 | $0.00 | $0.00 |
| 3306 | 99213 | 02/17/2015 | 02/17/2015 | CHARGE | 99213 | BCBS-TX: BCBS OF TX (PPO) | CHRISTINE WAN | $130.00 | |
| 3306 | 99213 | 02/17/2015 | 02/25/2015 | PAYMENT | ACH | BCBS-TX: BCBS | CHRISTINE | $-41.01 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3306 | 99213 | 02/17/2015 | 02/25/2015 | ADJUSTMENT | CONTRACTUAL (18245) | GF-TX (PPO) BCBS-TX; BCBS OF TX (PPO) | CHRISTINE WAN | $-53.99 | | |
| 3306 | 99213 | 02/17/2015 | 02/25/2015 | TRANSFER-IN | DEDUCTIBLE | PATIENT | CHRISTINE WAN | $-35.00 | | $35.00 |
| 3306 | 99213 | 02/17/2015 | 02/25/2015 | PAYMENT | UNAPPLIED | PATIENT | CHRISTINE WAN | | | $-35.00 |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 28730** | | | | | | | | | | |
| 28730 | 73030 | 06/23/2015 | 06/23/2015 | CHARGE | 73030 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $90.00 | | |
| 28730 | 73030 | 06/23/2015 | 07/29/2015 | PAYMENT | CHECK 13796 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-41.33 | | |
| 28730 | 73030 | 06/23/2015 | 07/29/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-48.67 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 28730 | 99080,73 | 06/23/2015 | 06/23/2015 | CHARGE | 99080,73 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $35.00 | | |
| 28730 | 99080,73 | 06/23/2015 | 07/29/2015 | PAYMENT | CHECK 13796 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-15.00 | | |
| 28730 | 99080,73 | 06/23/2015 | 07/29/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-20.00 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 28730 | 99203 | 06/23/2015 | 06/23/2015 | CHARGE | 99203 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $220.00 | | |
| 28730 | 99203 | 06/23/2015 | 07/29/2015 | PAYMENT | CHECK 13796 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-122.34 | | |
| 28730 | 99203 | 06/23/2015 | 07/29/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-97.66 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 28730 | A4565 | 06/23/2015 | 06/23/2015 | CHARGE | A4565 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $30.00 | | |
| 28730 | A4565 | 06/23/2015 | 07/29/2015 | PAYMENT | CHECK 13796 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-9.19 | | |
| 28730 | A4565 | 06/23/2015 | 07/29/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-20.81 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 29061** | | | | | | | | | | |
| 29061 | NONNIDA | 06/23/2015 | 06/26/2015 | CHARGE | NONNIDA | CENTRAL FREIGHT | CHRISTINE WAN | $25.00 | | |
| | | | | | | | OUTSTANDING | $25.00 | $0.00 | $0.00 |
| **Claim ID 30986** | | | | | | | | | | |
| 30986 | 99080,73 | 07/07/2015 | 07/07/2015 | CHARGE | 99080,73 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $0.00 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 30986 | 99213 | 07/07/2015 | 07/07/2015 | CHARGE | 99213 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $130.00 | | |
| 30986 | 99213 | 07/07/2015 | 08/14/2015 | PAYMENT | CHECK 13832 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-66.51 | | |
| 30986 | 99213 | 07/07/2015 | 08/14/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-63.49 | | |

| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Claim ID 33272** | | | | | | | | | | | |
| 33272 | 99080,73 | 07/20/2015 | 07/20/2015 | CHARGE | | 99080,73 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $0.00 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 33272 | 99213 | 07/20/2015 | 07/20/2015 | CHARGE | | 99213 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $130.00 | | |
| 33272 | 99213 | 07/20/2015 | 09/08/2015 | PAYMENT | | CHECK 13870 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-66.51 | | |
| 33272 | 99213 | 07/20/2015 | 09/08/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-63.49 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 36410** | | | | | | | | | | | |
| 36410 | 99080,73 | 08/04/2015 | 08/04/2015 | CHARGE | | 99080,73 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $35.00 | | |
| 36410 | 99080,73 | 08/04/2015 | 09/08/2015 | PAYMENT | | CHECK 13870 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-15.00 | | |
| 36410 | 99080,73 | 08/04/2015 | 09/08/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-20.00 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 36410 | 99213 | 08/04/2015 | 08/04/2015 | CHARGE | | 99213 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $130.00 | | |
| 36410 | 99213 | 08/04/2015 | 09/08/2015 | PAYMENT | | CHECK 13870 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-66.51 | | |
| 36410 | 99213 | 08/04/2015 | 09/08/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-63.49 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| **Claim ID 41501** | | | | | | | | | | | |
| 41501 | 36415 | 08/31/2015 | 08/31/2015 | CHARGE | | 36415 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $20.00 | | |
| 41501 | 36415 | 08/31/2015 | 11/20/2015 | PAYMENT | | CHECK 14074 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-4.64 | | |
| 41501 | 36415 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-15.36 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 71020 | 08/31/2015 | 08/31/2015 | CHARGE | | 71020 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $98.00 | | |
| 41501 | 71020 | 08/31/2015 | 11/20/2015 | PAYMENT | | CHECK 14074 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-41.21 | | |
| 41501 | 71020 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-56.79 | | |
| | | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 80053 | 08/31/2015 | 08/31/2015 | CHARGE | | 80053 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $75.00 | | |
| 41501 | 80053 | 08/31/2015 | 11/20/2015 | PAYMENT | | CHECK 14074 | ANCHOR CLAIM DEPT – COMBINED GROUP | CHRISTINE WAN | $-18.86 | | |
| 41501 | 80053 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | | CONTRACTUAL | ANCHOR CLAIM DEPT – COMBINED | CHRISTINE WAN | $-56.14 | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | GROUP | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 81000 | 08/31/2015 | 08/31/2015 | CHARGE | 81000 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $19.00 | | |
| 41501 | 81000 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-5.80 | | |
| 41501 | 81000 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-13.20 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 85025 | 08/31/2015 | 08/31/2015 | CHARGE | 85025 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $35.00 | | |
| 41501 | 85025 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-14.03 | | |
| 41501 | 85025 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-20.97 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 85610 | 08/31/2015 | 08/31/2015 | CHARGE | 85610 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $22.00 | | |
| 41501 | 85610 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-6.77 | | |
| 41501 | 85610 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-15.23 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 85730 | 08/31/2015 | 08/31/2015 | CHARGE | 85730 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $28.00 | | |
| 41501 | 85730 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-10.64 | | |
| 41501 | 85730 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-17.36 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 93000 | 08/31/2015 | 08/31/2015 | CHARGE | 93000 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $75.00 | | |
| 41501 | 93000 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-25.48 | | |
| 41501 | 93000 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-49.52 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| 41501 | 99242.25 | 08/31/2015 | 08/31/2015 | CHARGE | 99242.25 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $210.00 | | |
| 41501 | 99242.25 | 08/31/2015 | 11/20/2015 | PAYMENT | CHECK 14074 | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-116.08 | | |
| 41501 | 99242.25 | 08/31/2015 | 11/20/2015 | ADJUSTMENT | CONTRACTUAL | ANCHOR CLAIM DEPT - COMBINED GROUP | CHRISTINE WAN | $-93.92 | | |
| | | | | | | | OUTSTANDING | $0.00 | $0.00 | $0.00 |
| Claim ID 60264 | | | | | | | | | | |
| 60264 | 99455 | 12/01/2015 | 12/01/2015 | CHARGE | 99455 | CENTRAL FREIGHT | CHRISTINE WAN | $95.00 | | |
| | | | | | | | OUTSTANDING | $95.00 | $0.00 | $0.00 |
| | | | | TOTAL CHARGE OUTSTANDING AS OF 01/12/2016 | | | | $120.00 | $0.00 | $0.00 |

01/05/2016   10:22                                          (FAX)2103664791                    P.004/004

STATE OF TEXAS                §
                              §
COUNTY OF _Ector_             §

### AFFIDAVIT CONCERNING COST AND NECESSITY OF MEDICAL OR OTHER SERVICES

BEFORE ME, the undersigned authority, on this day personally appeared _Rose Hawkins_, who by me being duly sworn deposes as follows:

"My name is _Rose Hawkins_. I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated below.

I am the person in charge of the PATIENT ACCOUNT RECORDS for _Basin Orthopedic_ and as such, I am familiar with reasonable and necessary charges for those services. Attached to this Affidavit are records that provide an itemized statement for the service and the charge for the service that _Basin Orthopedic_ provided to The Law Offices of Miller & Bicklein on the date of _March 2, 2016_. The attached records are a part of this Affidavit.

The attached records are kept by _Basin Orthopedic_ in the regular course of business, and it was the regular course of business of _Basin Orthopedic_ for an employee or representative of _Basin Orthopedic_, with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services were provided were necessary and the amount charged for the services were reasonable at the time and place that the services were provided.

The total amount paid for the services was $ _4,166.04_ and the amount currently unpaid but which _Basin Orthopedic_ has a right to be paid after any adjustments or credits is $ _-0-_.

_Rose Hawkins_
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME on this, the _2nd_ day of _March_ 2016, 2015, by the said _Rose Hawkins_, Affiant.

_Gaylene Michael Sanders_
NOTARY PUBLIC, STATE OF TEXAS

GAYLENE MCNEAL SANDERS
Notary Public, State of Texas
My Commission Expires
October 26, 2017

Appendix 307

Basin Ortho Surgical Specialists
Patient Account History  5/22/2013  To  3/1/2016
Account : WC7077

Patient : William H Newbrough   # WC7077

**08/19/15 – Summary**

| | |
|---|---|
| Charges: | 408.00 |
| Adjs: | 121.94 |
| Insurance Payment: | 286.06   [ 09/15/2015, Anchor Claims Management ] |
| Allowed: 286.06  W/O: 121.94  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | |
| Balance: | 0.00 |

**08/19/15 – Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓ | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 95.00 | 0.00 | 0.00 |

| Payment Type | Amount | |
|---|---|---|
| Insurance Payment: | 42.53 | [ 09/15/2015, Anchor Claims Management ] |
| Allowed: 42.53  W/O: 52.47  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | | |
| Insurance Adjs.: | 52.47 | |

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓ | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 25.00 | 0.00 | 0.00 |

| Payment Type | Amount | |
|---|---|---|
| Insurance Payment: | 21.25 | [ 09/15/2015, Anchor Claims Management ] |
| Allowed: 21.25  W/O: 3.75  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | | |
| Insurance Adjs.: | 3.75 | |

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓ | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 25.00 | 0.00 | 0.00 |

| Payment Type | Amount | |
|---|---|---|
| Insurance Payment: | 15.00 | [ 09/15/2015, Anchor Claims Management ] |
| Allowed: 15.00  W/O: 10.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | | |
| Insurance Adjs.: | 10.00 | |

RE: Wm Newbrough

| 99203 | 840.4 726.2 | Bradley Dyrstad | Basin Orthopedic Surgical Specialists | 175.00 | 0.00 | 0.00 |

| Payment Type | Amount | | | | | |
| Insurance Payment: | 163.25 | [ 09/15/2015, Anchor Claims Management ] | | | | |
| Allowed: 163.25 W/O: 11.75 Copay: 0.00 Deduct: 0.00 Co-ins: 0.00 WH: 0.00 Other: 0.00 | | | | | | |
| Insurance Adjs.: | 11.75 | | | | | |

| | | Bradley Dyrstad | Basin Orthopedic Surgical Specialists | 88.00 | 0.00 | 0.00 |

| Payment Type | Amount | | | | | |
| Insurance Payment: | 44.03 | [ 09/15/2015, Anchor Claims Management ] | | | | |
| Allowed: 44.03 W/O: 43.97 Copay: 0.00 Deduct: 0.00 Co-ins: 0.00 WH: 0.00 Other: 0.00 | | | | | | |
| Insurance Adjs.: | 43.97 | | | | | |

**08/26/15 - Summary**

| Charges: | 140.00 | | | | | |
| Adjs: | 15.49 | | | | | |
| Insurance Payment: | 124.51 | [ 09/24/2015, Anchor Claims Management ] | | | | |
| Allowed: 124.51 W/O: 15.49 Copay: 0.00 Deduct: 0.00 Co-ins: 0.00 WH: 0.00 Other: 0.00 | | | | | | |
| Balance: | 0.00 | | | | | |

**08/26/15 - Financial Details**

| Service | Diagnosas | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
| --- | --- | --- | --- | --- | --- | --- |
| | | Bradley Dyrstad | Basin Orthopedic Surgical Specialists | 25.00 | 0.00 | 0.00 |

| Payment Type | Amount | | | | | |
| Insurance Payment: | 15.00 | [ 09/24/2015, Anchor Claims Management ] | | | | |
| Allowed: 15.00 W/O: 10.00 Copay: 0.00 Deduct: 0.00 Co-ins: 0.00 WH: 0.00 Other: 0.00 | | | | | | |
| Insurance Adjs.: | 10.00 | | | | | |

| | | Bradley Dyrstad | Basin Orthopedic Surgical Specialists | 115.00 | 0.00 | 0.00 |

| Payment Type | Amount | | | | | |
| Insurance Payment: | 109.51 | [ 09/24/2015, Anchor Claims Management ] | | | | |
| Allowed: 109.51 W/O: 5.49 Copay: 0.00 Deduct: 0.00 Co-ins: 0.00 WH: 0.00 Other: 0.00 | | | | | | |
| Insurance Adjs.: | 5.49 | | | | | |

*RE: Wm Newbrough*

**09/03/15 - Summary**

| | | |
|---|---|---|
| Charges: | 115.00 | |
| Adjs: | 5.49 | |
| Insurance Payment: | 109.51 | [ 09/25/2015, Anchor Claims Management ] |
| Allowed: 109.51  W/O: 5.49  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | | |
| Balance: | 0.00 | |

**09/03/15 - Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins. Pending | Pat. Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓ | | Bradley Dyrstad | Basin Orthopedic Surgical Specialists | 115.00 | 0.00 | 0.00 |

| Payment Type | Amount | |
|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | | |
| Insurance Payment: | 109.51 | [ 09/25/2015, Anchor Claims Management ] |
| Allowed: 109.51  W/O: 5.49  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | | |
| Insurance Adjs.: | 5.49 | |

*RE: Wm. Newbrough*

**09/08/15 - Summary**

| | | |
|---|---|---|
| Charges: | 6,571.00 | |
| Adjs: | 2,999.04 | |
| Insurance Payment: | 3,571.96 | [ 11/19/2015, Anchor Claims Management ] |
| Allowed: 3,571.96 W/O: 2,999.04 Copay: 0.00 Deduct: 0.00 Co-Ins: 0.00 WH: 0.00 Other: 0.00 | | |
| Balance: | 0.00 | |

**09/08/15 - Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▨▨▨▨▨▨ | | Bradley Dyrstad | Odessa Regional Hospital – OP | 2,238.00 | 0.00 | 0.00 |

| Payment Type | Amount |
|---|---|
| Insurance Payment: | 2,039.02   [ 11/19/2015, Anchor Claims Management ] |
| Allowed: 2,039.02 W/O: 198.98 Copay: 0.00 Deduct: 0.00 Co-Ins: 0.00 WH: 0.00 Other: 0.00 | |
| Insurance Adjs.: | 198.98 |

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▨▨▨▨▨▨ | | Bradley Dyrstad | Odessa Regional Hospital – OP | 2,687.00 | 0.00 | 0.00 |

| Payment Type | Amount |
|---|---|
| Insurance Payment: | 1,189.11   [ 11/19/2015, Anchor Claims Management ] |
| Allowed: 1,189.11 W/O: 1,497.89 Copay: 0.00 Deduct: 0.00 Co-Ins: 0.00 WH: 0.00 Other: 0.00 | |
| Insurance Adjs.: | 1,497.89 |

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▨▨▨▨▨▨ | | Bradley Dyrstad | Odessa Regional Hospital – OP | 1,646.00 | 0.00 | 0.00 |

| Payment Type | Amount |
|---|---|
| Insurance Payment: | 343.83   [ 11/19/2015, Anchor Claims Management ] |
| Allowed: 343.83 W/O: 1,302.17 Copay: 0.00 Deduct: 0.00 Co-Ins: 0.00 WH: 0.00 Other: 0.00 | |
| Insurance Adjs.: | 1,302.17 |

*RE: Wm. Newbrough*

**09/21/15 - Summary**

| | |
|---|---|
| Charges: | 25.00 |
| Adjs: | 10.00 |
| Insurance Payment: | 15.00    [ 10/16/2015, Anchor Claims Management ] |
| Allowed: 15.00  W/O: 10.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | |
| Balance: | 0.00 |

**09/21/15 - Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▩▩▩▩▩▩▩▩▩▩ | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 25.00 | 0.00 | 0.00 |

| Payment Type | Amount |
|---|---|
| ▩▩▩▩▩▩▩▩▩▩ | |
| Insurance Payment: | 15.00    [ 10/16/2015, Anchor Claims Management ] |
| Allowed: 15.00  W/O: 10.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | |
| Insurance Adjs.: | 10.00 |

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▩▩▩▩▩▩▩▩▩▩ | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 0.00 | 0.00 | 0.00 |

Insurance Payment:     0.00    [ 10/16/2015, Anchor Claims Management ]
   Allowed: 0.00  W/O: 0.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00

*RE: Wm. Newbrough*

**10/19/15 - Summary**

| | |
|---|---|
| Charges: | 25.00 |
| Adjs: | 10.00 |
| Insurance Payment: | 15.00   [ 11/17/2015, Anchor Claims Management ] |
| Allowed: 15.00  W/O: 10.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | |
| Balance: | 0.00 |

**10/19/15 - Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 0.00 | 0.00 | 0.00 |
| ▓▓▓▓▓▓▓ | | | | | | |

Insurance Payment:          0.00        [ 11/17/2015, Anchor Claims Management ]
Allowed: 0.00  W/O: 0.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00

| | | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 25.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓ | | | | | | |

| Payment Type | Amount |
|---|---|
| Insurance Payment: | 15.00        [ 11/17/2015, Anchor Claims Management ] |
| Allowed: 15.00  W/O: 10.00  Copay: 0.00  Deduct: 0.00  Co-ins: 0.00  WH: 0.00  Other: 0.00 | |
| Insurance Adjs.: | 10.00 |

**11/30/15 - Summary**

| | |
|---|---|
| Charges: | 0.00 |
| Adjs: | 0.00 |
| Balance: | 0.00 |

**11/30/15 - Financial Details**

| Service | Diagnoses | Billing Provider | Service Location | Charge Amt. | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓ | Bradley  Dyrstad | Basin Orthopedic Surgical Specialists | 0.00 | 0.00 | 0.00 |
| ▓▓▓▓▓▓▓ | | | | | | |

| Totals | Charges | Pat.Pmts | Ins.Pmts | Adjs | Balance | Ins.Pending | Pat.Due |
|---|---|---|---|---|---|---|---|
| | 7,284.00 | 0.00 | 4,122.04 | 3,161.96 | 0.00 | 0.00 | 0.00 |

# EXHIBIT 3

22



**PJC 105.2      Instruction on Common-Law Fraud—Intentional
                 Misrepresentation**

Fraud occurs when

    1.    a party makes a material misrepresentation, and

    2.    the misrepresentation is made with knowledge of its falsity or made
recklessly without any knowledge of the truth and as a positive assertion,
and

    3.    the misrepresentation is made with the intention that it should be
acted on by the other party, and

    4.    the other party relies on the misrepresentation and thereby suffers
injury.

"Misrepresentation" means—

    *[Insert appropriate definitions from PJC 105.3A–105.3E.]*

## COMMENT

**When to use.**   PJC 105.2 should be used in a common-law fraud case if there is a
claim of intentional misrepresentation.

**Accompanying question, definitions.**   PJC 105.2 is designed to follow PJC 105.1
and to be accompanied by one or more of the definitions of misrepresentation at PJC
105.3A–105.3E.

**Use of "or."**   If more than one definition of misrepresentation is used, each must
be separated by the word *or*, because a finding of any one type of misrepresentation
would support recovery. *See Lundy v. Masson*, 260 S.W.3d 482, 494 (Tex. App.—
Houston [14th Dist.] 2008, pet. denied) (approving the use of "or").

**Source of instruction.**   The supreme court has repeatedly identified these ele-
ments of common-law fraud. *See, e.g., Johnson v. Brewer & Pritchard, P.C.*, 73
S.W.3d 193, 211 n.45 (Tex. 2002) (identifying the recognized elements of common-
law fraud); *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*,
960 S.W.2d 41, 47 (Tex. 1998) (discussing recoverable damages sounding in tort); *Oil-
well Division, United States Steel Corp. v. Fryer*, 493 S.W.2d 487, 491 (Tex. 1973)
(first announcing the recognized elements of common-law fraud and discussing fraud-
ulent inducement as an affirmative defense).

**Reliance.**   In *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.d
913, 923–24 (Tex. 2010), the supreme court observed that "fraud ... requires that



REPRESENTATION

ntional

falsity or made
itive assertion,

at it should be

hereby suffers

3E.]

ase if there is a

low PJC 105.1
ntation at PJC

ed, each must
representation
(Tex. App.—

ed these ele-
*ard, P.C.*, 73
of common-
*ractors, Inc.*,
; in tort); *Oil-*
(Tex. 1973)
issing fraud-

314 S.W.3d
quire[s] that

FRAUD AND NEGLIGENT MISREPRESENTATION        PJC 105.2

the plaintiff show actual and justifiable reliance" and held there was no evidence that the plaintiffs had justifiably relied on an audit report because they had knowledge of the company's true condition. *See Grant Thornton LLP*, 314 S.W.3d at 923 (measuring justifiability "given a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud") (quoting *Haralson v. E.F. Hutton Group, Inc.*, 919 F.2d 1014, 1026 (5th Cir. 1990)); *see also Ernst & Young, L.L.P. v. Pacific Mutual Life Insurance Co.*, 51 S.W.3d 573, 577 (Tex. 2001). The supreme court has rejected the argument that a party's failure to use due diligence bars a claim of fraud. *See Koral Industries v. Security-Connecticut Life Insurance Co.*, 802 S.W.2d 650, 651 (Tex. 1990); *Trenholm v. Ratcliff*, 646 S.W.2d 927, 933 (Tex. 1983) (defendant in fraud case cannot complain that plaintiff failed to discover truth through exercise of care).

# EXHIBIT 4

23

STATE OF TEXAS       §
                            §
COUNTY OF ECTOR   §

### AFFIDAVIT OF MARK A. CEVALLOS

BEFORE ME, the undersigned authority, on this day personally appeared MARK A. CEVALLOS, who being by me duly sworn stated upon his oath as follows:

"My name is MARK A. CEVALLOS. I am over the age of eighteen, and I am fully competent to make this Affidavit. The statements contained in this Affidavit are within my personal knowledge and true and correct.

Attached to this affidavit are 27 pages of documents from the file of William Newbrough in Cause No. D-16-05-0545-CV, pending in the 358th District Court, Ector County, Texas.

All of these records are kept by me in the ordinary course of business, with personal knowledge of the act, event or condition recorded to make the memorandum or record or to transmit information thereof to be included in such memorandum of record; and the memorandum or record was made at or near the time of the act, event, condition, opinion or diagnosis recorded or reasonably soon thereafter. The records attached hereto are exact duplicates of the original, and it is a rule of the office of Miller & Bicklein, to not permit the original records to leave the office.

I am one of the attorneys representing William Newbrough in this lawsuit.

In September 2016 our office was retained to represent Mr. Newbrough in claims for injuries he sustained while working for Central Freight on the premises of Smoker's Outlet in Odessa, Texas. This injury occurred on June 18, 2015. On September 2, 2015 we sent a letter putting Smoker's Outlet on notice of his claims against Smoker's Outlet and copied Anchor Risk Management.

The only party I ever received any response from was the Republic Group, which was the insurer of Smoker's Outlet. I never received a response from Anchor.

In December of 2015 I was asked by James Rushing, the adjuster for Republic Group, to present Mr. Newbrough for a statement. I agreed to allow Newbrough's statement to be taken. I told Rushing that Newbrough was still treating and recovering from his shoulder surgery and that when he was done I would put a demand packet together for him which included all the medical records.

Page 1 of 3

On March 22, 2016 I put together a demand packet which included all the medical records and sent it to Rushing. In April, after reviewing the demand packet, Rushing asked me to allow him to take an additional statement from Newbrough because the first one did not record. In fact, when he asked Rushing had forgotten he had taken the statement at all.

On April 20, 2016 I presented Newbrough for statement a second time. During that statement Rushing forwarded to me two photographs of the premises at Smoker's Outlet that he intended to question Newbrough about. After Rushing was finished questioning Newbrough he explained that he would continue his evaluation and make an offer.

During the end of April and middle of May of 2016 Rushing and I had several phone conversations regarding Newbrough's claims. He eventually told me his top offer was $35,000. On or about May 12 I spoke with Newbrough who gave me authority to accept the offer. I sent an email on May 12 to Rushing and asked him to call me as a result of what I discussed with Newbrough.

When I spoke on the phone with Rushing on May 13, 2016 about my intention to accept the offer Rushing asked me if I would draft and send him a quick letter which indemnified Republic for liens and/or subrogation interests. In this conversation he said that he just needed it for his file so his supervisor would know he had asked.

I sent the indemnification letter back the same day by email. Rushing responded within an hour and asked for my tax i.d. number.

On May 19, 2016 Rushing sent to me the release document which I told him I would have executed and sent back the same day. On May 20, 2016 Newbrough executed the release and I forwarded it to him.

On May 23 for the first time I heard from Rushing that he had been contacted by someone from Anchor who was "saying they are the WC provider". I understood "WC" to mean "workers' compensation".

Rushing then sent to me the settlement check which was made payable to our office and Newbrough only. This check has never been negotiated.

We next filed this lawsuit seeking a declaratory judgment that Anchor had waived its interest by never asserting any subrogation interest to my office or to Republic until after the settlement agreement had been returned.

In the motion for summary judgment filed by Anchor it is clear that at the time

Page 2 of 3

Rushing asked me for an indemnification he had already initiated contact with Anchor. Rushing then told me by email after the release had been returned that *he* had been contacted by Anchor, which turns out to be the opposite based on the documents attached to Anchor's motion.

After putting Anchor on notice I have, to this day, never been contacted by Anchor nor has Anchor asserted any right of reimbursement to me.

Because Central Freight was not a subscriber to the Texas Workers' Compensation Act there was no statutory lien for Anchor to assert. By failing to assert their interest after we put Anchor on notice, it was my opinion that they had waived their lien, and was not intending to pursue it. I proceeded to settle the claim with Smoker's Outlet.

Had Anchor ever put me on notice I would not have done so. Had Rushing told me that he had been in contact with Anchor prior to Newbrough executing the release we would not have settled Newbrough's claim. Because Anchor and Rushing, after communicating with each other, failed to disclose said communication to me, Newbrough executed the agreement he otherwise would not have. No one advised me of a letter from Anchor to Republic asserting this alleged subrogation interest.

Anchor and Republic have clearly hidden and secreted the subrogation demand from me prior to any settlement. It is now clear that I acted upon a set of facts as represented by both and specifically by Republic that no demand was ever made. This concealment was fraudulent and led me to have a client execute a settlement all the while both Anchor and Republic knew facts had been misrepresented."

MARK A. CEVALLOS

SUBSCRIBED AND SWORN TO BEFORE ME on this 20th day of April, 2017 to certify which witness my hand and seal of office.

Notary Public Signature

DELIA S. DIAZ
Notary Public, State of Texas
My Commission Expires
August 02, 2018

#128344852

Page 3 of 3

LAW OFFICES OF

# MILLER & BICKLEIN

| 4555 East University Blvd., Suite D5 | 4920 South Loop 289, Suite 103 A | 8207 Callaghan Road, Suite 250 |
|---|---|---|
| Odessa, Texas 79762 | Lubbock, Texas 79414 | San Antonio, Texas 78230 |
| (432) 550-3006 | (806) 780-4357 | (210) 366-2400 |
| (432) 362-4624 (fax) | (806) 780-4358 (fax) | (210) 366-4791 (fax) |

May 13, 2016

Via email

James Rushing
Republic Group
PO Box 809056
Dallas, Texas 75380-9056

Re:   Our Client      :   William Newbrough
      D/Accident     :   6/23/2015
      Claim No.      :   08CPP0802904
      Insured        :   Smoker's Outlet, Inc.

Dear Mr. Rushing:

With regard to the above matter, in reference to any settlement between the parties, both myself and the Law Offices of Miller & Bicklein will indemnify any and all liens or subrogation interests, whether known or unknown, arising from the medical treatment received by Mr. Newbrough for injuries sustain in the incident made the basis of this claim.

Sincerely,

MARK A. CEVALLOS

MAC/



The Law Offices of
# MILLER & BICKLEIN, P.C.

September 2, 2015

CM: 7014 3490 0000 3271 8913
& Reg. Mail

Smokers Outlet
Attn: Store Manager
2604 N. Grandview Ave., Ste A
Odessa, Texas 79761

Re:        Our Client    : William Newbrough
                    D/Accident  : 06/18/15

Dear Sir/Madam:

     Please be advised that **THE LAW OFFICES OF MILLER & BICKLEIN** represent William Newbrough for injuries sustained on June 18, 2015.

     This letter is being provided to you as notice of this claim so that you may properly advise your insurance carrier. If you were covered by a policy of liability insurance at the time of the incident, please forward this notice letter to them. If you do not, they may deny coverage for failing to comply with the "notice" provisions of your policy. If you did not have a policy of insurance in effect at the time of the incident, please give me a call to discuss your options.

     Please direct all future communications to this office and we ask that you make no attempt to contact our client.

     Should you have any questions, please do not hesitate to contact our office.

Sincerely,

Mark A. Cevallos

MAC/dsd

---

4555 E. University, Ste D5
Odessa, TX 79762
(432) 550-3006 Phone
(432) 362-4624 Fax

8207 Callaghan Road, Suite 250
San Antonio, TX 78230
(210) 366-2400 Phone
(210) 366-4791 Fax

4920 S. Loop 289, Ste 103A
Lubbock, TX 79414
(806) 780-4357 Phone
(806) 780-4358 Fax

500 Chestnut, Suite 213
Abilene, TX 79602
(325) 437-5785 Phone
(325) 437-5786 Fax   http://mblaw.org

Cc:

Anchor Claims Management
14785 Preston Rd. #350
Dallas, Texas 75254

STATE OF TEXAS                  §
                                §
COUNTY OF _Ector_               §
                                §

## AFFIDAVIT OF MEDICAL RECORDS

Before me, the undersigned authority, personally appeared _Rose Hawkins,_ who, being dully sworn deposed as follows:

My name is _Rose Hawkins_, I am of sound mind, capable of making this affidavit, and personally acquainted with these facts herein stated:

I am the custodian of records for _Basin Orthopedic Surg. Spec._, attached hereto are _81_ pages of Medical Records. These said pages are kept in the regular course of business, and it was in the regular course for an employee or representative of _Basin Orthopedic Surg Spec_ with knowledge of the act, event, condition, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonable soon thereafter.

The records attached hereto are originals or exact duplicates of originals and nothing has been removed from the original files before making copies.

_Rose Hawkins_
Custodian of Records

SWORN TO AND SUBSCRIBED before me on this _2nd_ day of _March_, ~~2015~~ _2016_.

GUYLENE MCNEAL SANDERS
Notary Public, State of Texas
My Commission Expires
October 26, 2017

_Guylne M'Neal Sanders_
NOTARY PUBLIC, STATE OF _Texas_

My Commission Expires: _10/26/2017_

Appendix 324

## BASIN ORTHOPEDIC SURGICAL SPECIALISTS, P.A.
### Medical History Form
### (Please use black ink)

Patient Name: _William H Newbrough_   Appointment Date: _8-19-15_ with Dr. _Dykstad_

Age: _60_  Sex: ☐ F ☑ M  Height: _5'9"_  Weight: _____  Dominant hand: ☐ R ☑ L  Did you bring X-rays? ☐ Y ☑ N

Who is your primary physician? (Name): _Pete Jonatsch_   ☐ MD ☑ PA Date last seen? _8-7-15_

What is the reason for this visit? ☐ Pain ☐ Numbness ☐ Weakness ☐ Swelling ☐ Stiffness ☑ Other _____

Latex Allergy? ☐ Y ☑ N

What body part is involved? (Please mark the table below)

| Shoulder | Elbow | Wrist | Hand | Hip | Knee | Ankle | Foot | Neck | Back |
|---|---|---|---|---|---|---|---|---|---|
| ☐R ☑L | ☐R ☐L | ☐R ☐L | ☐R ☐L | ☐R ☐L | ☐R ☐L | ☐R ☐L | ☐R ☐L | ☐ | ☐ |

How long ago did it start? _____ Days _____ Weeks _____ Months _5-18-15_ Years Have you had a problem like this before? ☐ Y ☑ N

---

In this section, check the **ONE BOX** which best describes **how your problem started**. Then answer the questions below the box you checked. Use as much space to the right as needed.

☐ NO INJURY (or onset was: ☐Gradual or ☑ Sudden)
   Please indicate why you think it started?

☐ INJURY ☑ Accident ☐ Sport ☐ Auto Accident
   Date _5-18-15_  Please specify where & how it happened. _5-18-15_
   What sport? _work_  School?

☐ INJURY AT WORK
   From a: ☐ Lift ☐ Twist ☑ Fall ☐ Bend ☐ Pull ☐ Reach

☐ WORK RELATED (but **NO** INJURY)
   Date: _5-18-15_  How did your job cause the problem?

Comments:

_Fell on left side at work_
_Rewired mother's outlet_
_foot went into hole_
_and fell backwards_

— PT - helped
— some without

_Fell at work ; 5-18-15_

On a scale of 0-10 (10 is the worst) how severe is your pain? (circle) 0 1 (2) 3 4 5 6 7 8 9 10

What is the **quality** of the pain? ☐ Sharp ☑ Dull ☑ Stabbing ☐ Throbbing ☐ Aching ☐ Burning

The pain is: ☐ Constant ☑ Comes and goes (intermittent)

Does your pain wake you from your sleep? ☑ Y ☐ N

Do you have: ☐ Swelling ☐ Bruises ☐ Numbness ☐ Tingling ☑ Weakness ☐ Loss of control of bowel or bladder
☐ Lucking/Catching ☐ Giving way

Since my problem started, it is: ☑ Getting better ☐ Getting worse ☐ Unchanged

What makes your symptoms **worse**? ☐ Standing ☐ Walking ☑ Lifting ☐ Exercise ☐ Twisting ☐ Lying in bed ☐ Bending ☐ Squatting
☐ Kneeling ☐ Stairs ☐ Sitting ☐ Coughing ☐ Sneezing.

— Central Flt/Line
600 Expressway
Odessa, TX

— found ear pain
— Not able to refer
   Now able to move
   8 months - 40 yrs. at 1.5 m

What makes your symptoms **better**? ☐ Rest ☐ Elevation ☐ Ice ☐ Heat ☑ Other: _Pain Medication_

What medications are you taking now? _Lisinopril - Lovastatin - Hydracodone 10-3-25_

ALLERGIC TO ANY MEDICATIONS? ☐ Y ☑ N  If yes, please list and describe reaction: _____

Have you had any of these treatments? Injection: ☐ Y ☑ N  Brace: ☐ Y ☑ N  Physical Therapy: ☑ Y ☐ N  Cane/Crutch: ☐ Y ☑ N

Were you seen in the E.R. for this problem? ☑ N ☐ Y  If yes, which E.R.? _N A_   Date: _____

Are you here today as a result of an E.R. visit? ☑ N ☐ Y  Who saw you in the E.R.? _____   ☐ MD ☐ PA

What test/scans have you had for this problem?
☑ X-Rays ☑ MRI ☐ CAT-Scan ☐ Bone Scan ☐ Nerve Test (EMG/NCV)  Where? _West Texas Imaging_

Have you already had surgery for a problem in this same area either recently or in the past? ☑ N ☐ Y
Please list below:
   Procedure #1 _____  Surgeon: _____  City: _____  Date: _____
   Procedure #2 _____  Surgeon: _____  City: _____  Date: _____

Current work status? ☐ Regular ☑ Light duty – (how long? _Since it happen_ )  ☐ Not working due to this problem
☐ Disabled ☐ Retired ☐ Student

When is the last date you worked your regular job? _8-17-15_

Are you currently receiving or plan to apply for: Disability: ☐ Y ☐ N  Worker's Comp: ☑ Y ☐ N  Unemployment: ☐ Y ☐ N

**BASIN ORTHOPEDIC SURGICAL SPECIALISTS, P.A.**
REVIEW OF SYSTEMS

Patient Name: _William Newbrough_

Have you had a prior problem with this same Orthopedic condition in the past? ☑N ☐ Y (Explain below)

_____

Do your other joints have: ☐ Morning stiffness lasting over 30 minutes ☐ Joint pain or swelling ☑ Back Pain ☐ Gout
☐ Rheumatoid arthritis ☐ Osteoporosis ☐ Prior fracture (which bone) _____ ☐ None of these

Have you had any of these symptoms? If no, mark NONE

| | | | | NONE | YEAR | Details/Comments |
|---|---|---|---|---|---|---|
| 1. GI | ☐ Heartburn, ulcers | ☐ Nausea, Vomiting | ☐ Blood in stool | N/A | | |
| | ☐ Hepatitis | ☐ Liver Disease | | | | |
| 2. ENDO | ☐ Thyroid Disease | ☐ Heat or Cold Intolerance | | ☐ N/A | | N/A |
| 3. CON | ☐ Weight Loss | ☐ Loss of Appetite | | ☐ N/A | | |
| 4. EYE | ☐ Blurred Vision | ☐ Double Vision | ☐ Vision Loss | ☐ N/A | | |
| 5. ENT | ☐ Hearing Loss | ☐ Hoarseness | ☐ Trouble Swallowing | ☐ N/A | | |
| 6. CV | ☐ Chest Pain | ☐ Palpitations | | ☐ N/A | | |
| 7. RS | ☑ Chronic Cough | ☑ Shortness of Breath | | ☐ | | |
| 8. GU | ☐ Painful Urination | ☐ Blood in Urine | ☐ Kidney Problems | ☐ N/A | | |
| 9. SK | ☐ Frequent Rashes | ☐ Skin Ulcers | ☐ Lumps ☐ Psoriasis | ☐ N/A | | |
| 10. NEU | ☐ Headaches | ☑ Dizziness | ☐ Seizures | ☐ | | |
| 11. PSY | ☐ Depression | ☐ Drug/Alcohol Addiction | ☑ Sleep Disorder | ☐ | | |
| 12. HEM | ☐ Easy Bleeding | ☐ Easy Bruising | ☐ Anemia | N/A | | |

13. ARE YOU HIV POSITIVE? ☑N ☐ Y

**PAST MEDICAL HISTORY**
Are you Diabetic? ☑N ☐ Y  If yes, treatment? ☐ Insulin ☐ Oral Meds ☐ Diet ☐ None
Are you taking or have you ever taken blood thinners? ☑N ☐ Y If Yes, which one? _____

Past Surgical History: What operations have you had and when? Please list: _none_

Have you or a family member ever had a reaction to anesthesia? ☑N ☐Y  EXPLAIN: _____

Past Hospitalizations: (Not for surgery): _____ ☑None

Have you ever had: ☐ Heart attack (Year_____) ☑ High Blood Pressure ☐ Blood Clots (Year_____) ☐ Stroke ☐ Heart Failure
☐ Ankle Swelling ☐ Kidney Failure ☐ Cancer (Type/location _____
☐ Stomachache while taking anti-inflammatories (includes Advil/Aleve/Motrin). If yes, what anti-inflammatories have you already had a problem with? _none_
☐ I do not have any of the above conditions.

FAMILY HISTORY: Have any direct relatives had any of the following disorders? If so, which relative?
☑ Diabetes _Mother/Brother_ ☑ High Blood Pressure _Mother/Brother_ ☑ Rheumatoid Arthritis _Mother/Brother_ ☐ NONE
Do any direct relatives have the same condition you are being seen for today? ☐ Y ☑ N

SOCIAL HISTORY:
Do you use tobacco? ☐ N ☑ Y  If yes, packs per day? _1½_  How many years? _40_ Patient informed of smoking risk? ☑ Y
Alcohol use? ☑ N ☐ Y  If yes, how often? ☐ Daily ☐ Other _____ /week Marital History: ☑ M ☐ F ☐ S ☐ D ☐ W
How many people live with you? _Self_
Occupation: _Truck Driver Central_ _____ Employer: _____
Do you plan to be working 6 months from now? ☑ Y ☐ N

PLEASE SIGN: The information on this/these form(s) is accurate to the best of my knowledge.
Signature _Harold Newbrough_     Date _8-19-15_

FOR OFFICE USE ONLY
Completed _____ Date _____
Review #1 by _R. Sampler_ MD Date: _8/19/15_ Review #2 by _____ MD Date: _____

From: Combined Group      To: 14323370910      Page: 1/39      Date: 8/28/2015 9:04:41 AM



## ANCHOR RISK MANAGEMENT
### A Combined Group Solution

### FAX Coverpage

Date:     Friday, August 28, 2015 9:04:38 AM

From:    Debora Harvey,

To:

Re:       William Newbrough

Attention Mary A.:

The surgical procedure of Left shoulder arthroscope with rotator cuff repair with subacromial decompression and possible biceps tenotomy to occur at Odessa Regional; is approved as reasonable and necessary.

Thanks so much,

Debora Harvey
Claims Adjuster

Thank you,
Debora Harvey,
Phone:   214.295.1540
Fax:      214.295.1700
Email:    DHarvey@combinedgroup.com

14785 Preston Rd., #350  Dallas, Texas 75254

phone: 214.295.1600 / 800.275.3193

fax: 214.295.1700 / 800.275.3194

www.anchor-risk.com

First Physicians • 3051 E UNIVERSITY BLVD; ODESSA TX 79762-7920
NEWBROUGH, WILLIAM H (id #21955, dob: 03/07/1955)

**Admin Documents**

FIRST
PHYSICIANS

## WORKER COMPENSATION INFORMATION

Date _____

### PATIENT INFORMATION

Name _William Harold Newbrough_   Birthdate _3-7-1955_   Soc. Sec. # _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_
Address _5715 N Tom Green_   _Odessa_   _Texas_   _79762_
    Street   City   State   Zip
Home (___) _NA_   E-Mail _NA_
Cell Phone _432 557-8730_   Occupation _delivery driver_

### EMPLOYER

Employer Name _Central Freight Line_
Employer Address _600 Expressway   Odessa_   _Texas_   _79761_
    Street   City   State   Zip
Employer Phone _432 337-1509 87 645_   Injury Verified by (For Office Use) _Rick Barraza_
Contact Person _Rick Barraza_   E-Mail _____

### WORKER COMPENSATION CARRIER (FOR OFFICE USE)

Worker Compensation Carrier _Anchor Claims_
Carrier Address _819045   Dallas   75381_
    Street   City   State   Zip
Carrier Phone (___) _214 295-1540_   Coverage Verified by _____
Adjuster's Name _____   Claim Number _____

### INJURY INFORMATION

Date of Injury _6-23-15_   Time _12:00_   ☑AM ☐PM   Place of injury _2601 N Grandview_
Accident reported to employer? ☑Yes ☐No   Name of person you reported accident to _Rick Barraza_
Give full description of how accident happened _i was unloading boxes and tripped in a_
_drain hole fell and landed with my left arm up and_
_damaged Left shoulder could not go back to work_

Have you lost time from work? ☑Yes ☐No   How Much? _Today so far_
Other doctors seen for this condition: Doctor's Name ? 
Diagnosis _____   Were X-Rays taken? ☐Yes ☐No   Other Tests? ☐Yes ☐No
If yes, by whom? Please list test(s) and result(s) _____

Any previous Worker Compensation Injuries? ☑Yes ☐No   Date(s) of previous injuries _____
Describe previous Worker Compensation Injuries _had Left Thumb broke and smashed_

### AUTHORIZATION

I clearly understand and agree that all services rendered to me are charged directly to me and that I am personally responsible for payment in the event that my claim for Worker Compensation benefits is denied. I understand that filing for Worker Compensation benefits does not relieve me from my responsibility for the payment of all charges.

_____   Date _____
Signature of Patient, Parent, Guardian or Personal Representative

_____   Date _____
Please print name of Patient, Parent, Guardian or Personal Representative

FOR OFFICE USE ONLY
LIGHT DUTY AVAILABLE? ☐YES ☐NO
IS A POST ACCIDENT DRUG SCREEN NECESSARY? ☐YES ☐NO

Family Physicians • 3051 E UNIVERSITY BLVD; ODESSA TX 79762-6402028
NEWBROUGH, WILLIAM H (id #21955, dob: 03/07/1955)

## Consult Orders

This fax may contain legally privileged health information and is intended for the sole use of the intended recipient. You are hereby notified that the disclosure, or other unlawful use of this health information is prohibited.

If you received this fax in error visit www.athenahealth.com/NotMyFax to notify the sender and confirm that the information will be destroyed. If you do not have internet access, please call 1-888-482-8436 to notify the sender and confirm that the information will be destroyed. [ID:591818-H-10019]

# Referral Order

08/06/2015

| To Provider | From Provider |
|---|---|
| STEVEN RILEY MD | PETER J. IENATSCH, PA |
| | EAST UNIVERSITY MAIN OFFICE |
| 1340 E 7TH ST | 3051 E UNIVERSITY BLVD |
| ODESSA, TX 79761-5423 | ODESSA, TX 79762-7902 |
| Phone: | Phone: (432) 362-4376 |
| Phone: (432) 332-2663 | Fax: (432) 362-6308 |
| Fax: | |
| Fax: (432) 337-0910 | |

## Referral Order Information

| Diagnosis | Full thickness rotator cuff tear |
|---|---|
| | ICD-9: 727.61: Complete rupture of rotator cuff |
| Order Name | Orders included: 1 |
| | Full thickness rotator cuff tear |
| | ICD-9: 727.61: Complete rupture of rotator cuff |
| | • ORTHOPAEDIC REFERRAL |
| | Schedule Within: provider's discretion |
| Notes | |

## Patient Information

| Patient Name | NEWBROUGH, WILLIAM H |
|---|---|
| Sex - DOB - Age | M 03/07/1955 60 YR |
| Address | 5715 N TOM GREEN |
| | ODESSA, TX 79762 |
| Phone | H: (432) 557-8730 |
| | W: (432) 337-1502 |
| | M: (432) 557-8730 |
| Primary Insurance | BCBS-TX: BCBS OF TX (PPO) |
| | ID: ZGP839805730 |
| | Group: 040546 |
| | Policy Holder: NEWBROUGH, WILLIAM H |
| Secondary Insurance | None recorded. |

Electronically Signed by: PETER I. IENATSCH, PA, PA-C

_____
PETER J. IENATSCH, PA

4325504715          Phytex                                          16:21:02     09-11-2015          2/4

# PhyTEx
Rehabilitation & Sports Medicine Associates

2525 N. Grandview Ave.
Ste. 400
Odessa, TX USA 79761
Phone: (432) 550-4700 Fax: (432) 550-4715

| | |
|---|---|
| Acct #: | 24329 |
| Patient: | William H. Newbrough |
| DOB: | Mar 09, 1955 |
| Physician: | Brad Dyrstad MD |
| Phys Fax: | (432) 335-8849 |
| Physician: | Not Specified |
| Clinician: | David Godino |
| FSC: | Workers Compensation |
| Case Mgr: | |
| Payor: | LIBERTY MUTUAL |
| Pol/Claim#: | |

| | |
|---|---|
| Visit Date: | Nov 09, 2015 |
| Phys Phone: | (432) 332-2663 |
| SSN: | XXX-XX-XXXX |
| Inj. Date: | Jun 23, 2015 |
| Surg. Date: | Sep 08, 2015 |
| Visits: | 14 |
| Cxl/Ns: | 0 |
| Employer: | Central |
| Insured: | |

# Plan of Care

## Diagnoses

| | | |
|---|---|---|
| Left Shoulder | S46.012S | Strain of muscle(s) and tendon(s) of the rotator cuff of left shoulder, sequela |
| | 727.61 | Complete rupture of rotator cuff |

## Assessment

In my professional opinion, this client requires skilled physical therapy in conjunction with a home exercise program to address the problems and achieve the goals outlined below. Overall rehabilitation potential is excellent. The expected length of this episode of skilled therapy services required to address the patient's condition is estimated to be 8 weeks. The patient and/or family were educated regarding their diagnosis, prognosis and related pathology. The client exhibits good understanding and performance of the therapeutic activity and instructions outlined in this skilled rehabilitation session.

Functional Limitations: Primary: Current Status(Report at IE, Re-Eval, 10th visit): Activities and Participation (PT/OT): Carrying, Moving, & Handling Objects:
* 40% to less than 60% impaired                    Units: 1, Measure Instrument I: DASH, Assessment Method: Clin
                                                                                   Judg & Msmt

Functional Limitations: Primary: Goal Status (Report at IE, Re-Eval, 10 visit, DC): Activities and Participation (PT/OT): Carrying, Moving, & Handling Objects:
* 0% Impaired                                         Units: I

Impairments Identified:
* ADL Function. ADL's. Body Mechanics. Endurance. Fatigue. Flexibility. Functional Activities. Joint Integrity/Mobility. Motor Function. Muscle Performance. Pain. Posture. Range of Motion. Recreational Activities. Soft Tissue Mobility. Stiffness. Strength. Swelling. Weakness. Work Capacity.

Tolerance:
* Pt demonstrating improved AROM in all planes. Most limitations demonstrating in AROM and PROM abduction.

Treatment Emphasis to focus on:
* Pain relief. Postural Improvements. Range of Motion/Mobility Improvements. Muscle Function Improvements. Sensation Normalization. Neurovascular Improvements. Proprioception/Balance Improvements. Enhanced Dynamic Stability. Strengthen Disuse Components. Teach Precautions. Education.
* Controlling and Normalizing:
   * Mobility. Weakness. Instability. Pain. Swelling/Edema.
* Maximizing function related to:
   * ADL's. Work performance. Recreational activity. Athletic activity. Functional activities.

# Problems & Goals

*Problem #1*   Chief Complaint: Pain: Severity at Worst: 5/10.

## Please sign and return

I have reviewed this Plan of Care and certify that the skilled therapy services identified are required to meet the patient's need. Comments and/or revisions to this Plan of Care are noted below.

Comments/Revisions

| | | |
|---|---|---|
| _Brad Dyrstad MD_ | _11/4/15_ | _Brad Dyrstad MD_ |
| Physician/NPP Signature | Date | Print Name and Credentials |

Document ID: 00202765.017                    Status: Signed off (secure electronic signature)                    Page 1 of 3
David Godino, PT(TX Lic: 1200300)

**Mark Cevallos**

| | |
|---|---|
| From: | Mark Cevallos |
| Sent: | Friday, May 13, 2016 10:48 AM |
| To: | 'Rushing, James' |
| Subject: | RE: CPP0802904  SMOKER'S OUTLET, INC |
| Attachments: | ltr indemnify for liens.pdf |

James:

Here's your indemnification letter. Let's get this settled for $35,000 and get this file off both our desks.

Mark A. Cevallos
Miller & Bicklein

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Wednesday, April 20, 2016 3:22 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

1

**Mark Cevallos**

| | |
|---|---|
| From: | Mark Cevallos |
| Sent: | Thursday, May 12, 2016 1:40 PM |
| To: | Rushing, James |
| Subject: | RE: CPP0802904  SMOKER'S OUTLET, INC |

James:

Please give me a call back about this one. I have spoked with my client and I'd like to get it resolved this week.

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Wednesday, April 20, 2016 3:22 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**REPUBLIC** GROUP℠

**WHERE RELATIONSHIPS MATTER**℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

1

Appendix 332

Mark Cevallos

| | |
|---|---|
| From: | Rushing, James <James.Rushing@RepublicGroup.com> |
| Sent: | Monday, May 23, 2016 1:44 PM |
| To: | Mark Cevallos |
| Subject: | RE: CPP0802904  SMOKER'S OUTLET, INC |

No we have a deal.

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 12:21 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

You're right. But this isn't Workers Compensation. Central Freight is NOT a subscriber to Texas Workers' Compensation.

So, are you saying we don't have a deal?

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Monday, May 23, 2016 12:20 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

My supervisor stated in Texas Worker Comp is automatic lien.

**James Rushing**
Claims Representative

1

Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 12:06 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

thanks

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Monday, May 23, 2016 12:05 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

Yes sir,

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 11:59 AM

2

**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

My office received a $5,000 check for Med Pay. I'm assuming a separate check for $35,000 is on the way?

Mark

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

ok

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

---

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

I'll get this executed and back to you tomorrow.

Thanks,

Mark

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:29 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

3

Appendix 335

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

4

Mark Cevallos

| | |
|---|---|
| **From:** | Rushing, James <James.Rushing@RepublicGroup.com> |
| **Sent:** | Monday, May 23, 2016 1:49 PM |
| **To:** | Mark Cevallos |
| **Subject:** | RE: CPP0802904  SMOKER'S OUTLET, INC |

Some lady called from that insurance company Anchor Risk Management,  saying they were the WC provider.   Called my supervisor

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 1:45 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

Made me nervous there for a second.

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Monday, May 23, 2016 1:44 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

No we have a deal.

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874

1

James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

---

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 12:21 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

You're right. But this isn't Workers Compensation. Central Freight is NOT a subscriber to Texas Workers' Compensation.

So, are you saying we don't have a deal?

Mark

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Monday, May 23, 2016 12:20 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

My supervisor stated in Texas Worker Comp is automatic lien.

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

---

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 12:06 PM

2

**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

thanks

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Monday, May 23, 2016 12:05 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

Yes sir,

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER℠**

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you

---

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 11:59 AM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

My office received a $5,000 check for Med Pay. I'm assuming a separate check for $35,000 is on the way?

Mark

---

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

ok

**James Rushing**
Claims Representative

3

Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

I'll get this executed and back to you tomorrow.

Thanks,

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:29 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

4

**Mark Cevallos**

| | |
|---|---|
| **From:** | Rushing, James <James.Rushing@RepublicGroup.com> |
| **Sent:** | Friday, May 13, 2016 11:27 AM |
| **To:** | Mark Cevallos |
| **Subject:** | RE: CPP0802904  SMOKER'S OUTLET, INC |

What's your Tax id number

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Friday, May 13, 2016 10:48 AM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

Here's your indemnification letter. Let's get this settled for $35,000 and get this file off both our desks.

Mark A. Cevallos
Miller & Bicklein

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Wednesday, April 20, 2016 3:22 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380

1

Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

Appendix 342

## Mark Cevallos

| | |
|---|---|
| From: | Delia Diaz |
| Sent: | Monday, May 9, 2016 10:54 AM |
| To: | Mark Cevallos |
| Subject: | william newborough |

Please call James Rushing 800-344-2275 x 6788

Delia S. Diaz
Law Offices of Miller & Bicklein
8207 Callaghan Rd. # 250
San Antonio, Texas 78230

Ofc # - 210-366-2400
Fax # - 210-366-4791
E-mail – Delia@mblaw.org

1

**Mark Cevallos**

| | |
|---|---|
| From: | Rushing, James <James.Rushing@RepublicGroup.com> |
| Sent: | Thursday, May 19, 2016 2:49 PM |
| To: | Mark Cevallos |
| Subject: | RE: CPP0802904  SMOKER'S OUTLET, INC |

ok

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER℠**

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

I'll get this executed and back to you tomorrow.

Thanks,

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:29 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056

1

Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



WHERE RELATIONSHIPS MATTER℠

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

2

Mark Cevallos

| | |
|---|---|
| **From:** | Rushing, James <James.Rushing@RepublicGroup.com> |
| **Sent:** | Monday, May 23, 2016 12:05 PM |
| **To:** | Mark Cevallos |
| **Subject:** | RE: CPP0802904  SMOKER'S OUTLET, INC |

Yes sir,

**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**[SM]

**IMPORTANT/CONFIDENTIAL** – This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Monday, May 23, 2016 11:59 AM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

My office received a $5,000 check for Med Pay. I'm assuming a separate check for $35,000 is on the way?

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Mark Cevallos
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

ok

**James Rushing**
Claims Representative
Republic Group

1

Appendix 346

P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**[su]

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

**From:** Mark Cevallos [mailto:Mark@mblaw.org]
**Sent:** Thursday, May 19, 2016 2:49 PM
**To:** Rushing, James
**Subject:** RE: CPP0802904 SMOKER'S OUTLET, INC

James:

I'll get this executed and back to you tomorrow.

Thanks,

Mark

**From:** Rushing, James [mailto:James.Rushing@RepublicGroup.com]
**Sent:** Thursday, May 19, 2016 2:29 PM
**To:** Mark Cevallos
**Subject:** CPP0802904 SMOKER'S OUTLET, INC


**James Rushing**
Claims Representative
Republic Group
P.O. Box 809056
Dallas, TX 75380
Phone Number: 972-788-6788
Fax Number: 1-888-224-5874
James.Rushing@RepublicGroup.com



**WHERE RELATIONSHIPS MATTER**[su]

IMPORTANT/CONFIDENTIAL - This message and any files transmitted with it are privileged, confidential, proprietary, and exempt from disclosure under applicable law.  If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents.  If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system.  Thank you

# EXHIBIT 5

24

## Anchor
### *Risk and Claims Management*
*Texas Nonsubscription*

*P.O. Box 819045   Dallas, Texas 75381-9045   www.combinedgroup.com*
*14785 Preston Rd., Suite 350   Dallas, Texas 75254*
*214-295-1600   Fax 214-295-1700   800-275-3193   Fax 800-275-3194*

May 13, 2016                          James.rushing@republicgroup.com

Republic Group
P.O. Box 809056
Dallas, TX 75380

Our Insured:   Central Freight Lines, Inc.
Our Claim #    TPA1572107-William Newbrough
D/Loss:        06/23/15
Your Insured:  Smoker's Outlet

Dear Mr. Rushing,

Mr. Newbrough was injured while in his course and scope of employment when he fell into a hole injuring his left arm. We are pursuing the medical and lost time costs associated with this Injury.

We are the third party claims administrators for Central Freight Lines, Inc. and assist them in administering their Occupational Injury Benefit Plan.

Our current lien amount is $52,881.79.

Please contact me directly at 214-295-1540, if you need any additional information.

Sincerely,

Debora Harvey
Sr. Claims Adjuster

EXHIBIT
D

Print Date:   05/13/2016

## Detail Check Register
### (Pyramid Claims System)

Page      1

| Check Number | Claim Number | Payee Name | Trans Dat | From Date | To Date | Cov | Pmt Cat | Paid |
|---|---|---|---|---|---|---|---|---|
| 130735 | TPA1572107-001 | WILLIAM H NEWBROUGH | 07/02/2015 | 06/23/2015 | 06/27/2015 | WKDIS | 30 | 469.20 |
| | | | | | | Check Total: | | 469.20 |
| 130932 | TPA1572107-001 | WILLIAM H NEWBROUGH | 07/16/2015 | 06/28/2015 | 07/11/2015 | WKDIS | 30 | 1,094.80 |
| | | | | | | Check Total: | | 1,094.80 |
| 131462 | TPA1572107-001 | WILLIAM H NEWBROUGH | 08/13/2015 | 07/26/2015 | 08/08/2015 | WKDIS | 30 | 1,564.00 |
| 131462 | TPA1572107-001 | WILLIAM H NEWBROUGH | 08/13/2015 | 07/12/2015 | 07/25/2015 | WKDIS | 30 | 625.60 |
| | | | | | | Check Total: | | 2,189.60 |
| 132033 | TPA1572107-001 | WILLIAM H NEWBROUGH | 09/04/2015 | 08/09/2015 | 08/26/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 132242 | TPA1572107-001 | WILLIAM H NEWBROUGH | 09/18/2015 | 08/23/2015 | 09/05/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 132622 | TPA1572107-001 | WILLIAM H NEWBROUGH | 10/01/2015 | 09/06/2015 | 09/19/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 132873 | TPA1572107-001 | WILLIAM H NEWBROUGH | 10/15/2015 | 09/20/2015 | 10/03/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 133313 | TPA1572107-001 | WILLIAM H NEWBROUGH | 11/05/2015 | 10/04/2015 | 10/17/2015 | WKDIS | 30 | 1,564.00 |
| 133313 | TPA1572107-001 | WILLIAM H NEWBROUGH | 11/05/2015 | 10/18/2015 | 10/31/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 3,128.00 |
| 133758 | TPA1572107-001 | WILLIAM H NEWBROUGH | 11/24/2015 | 11/01/2015 | 11/14/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 133909 | TPA1572107-001 | WILLIAM H NEWBROUGH | 12/07/2015 | 11/15/2015 | 11/28/2015 | WKDIS | 30 | 1,564.00 |
| | | | | | | Check Total: | | 1,564.00 |
| 134362 | TPA1572107-001 | WILLIAM H NEWBROUGH | 12/29/2015 | 11/29/2015 | 12/12/2015 | WKDIS | 30 | 469.20 |
| | | | | | | Check Total: | | 469.20 |
| | | | | Total for Coverage | | WKDIS | | 16,734.80 |
| 13796 | TPA1572107-001 | ▓▓▓▓▓▓▓▓▓MD PA | 07/16/2015 | 06/23/2015 | 06/23/2015 | ACCMED | 21 | 187.86 |
| | | | | | | Check Total: | | 187.86 |
| 13797 | TPA1572107-001 | ▓▓▓▓▓▓▓▓▓ | 07/16/2015 | 06/25/2015 | 06/25/2015 | ACCMED | 23 | 114.20 |

CLM_Datl_Check_Register

Print Date:    05/13/2016

# Detail Check Register
## (Pyramid Claims System)

Page    2

| Check Number | Claim Number | Payee Name | Trans Dat | From Date | To Date | Cov | Pmt Cat | Paid |
|---|---|---|---|---|---|---|---|---|
| 13797 | TPA1572107-001 | ░░░░░░░░░ | 07/16/2015 | 06/29/2015 | 06/30/2015 | ACCMED | 23 | 472.54 |
| | | | | | | | Check Total: | 586.83 |
| 13820 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 07/28/2015 | 06/23/2015 | 06/23/2015 | ACCMED | 10 | 47.60 |
| 13820 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 07/28/2015 | 06/25/2015 | 06/25/2015 | ACCMED | 10 | 2.33 |
| 13820 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 07/28/2015 | 06/29/2015 | 06/30/2015 | ACCMED | 10 | 5.08 |
| | | | | | | | Check Total: | 55.01 |
| 13824 | TPA1572107-001 | ░░░░░░░░░ | 07/28/2015 | 06/23/2015 | 06/23/2015 | ACCMED | 24 | 146.15 |
| | | | | | | | Check Total: | 146.15 |
| 13832 | TPA1572107-001 | ░░░░░░ MD PA | 07/30/2015 | 07/07/2015 | 07/07/2015 | ACCMED | 21 | 66.51 |
| | | | | | | | Check Total: | 66.51 |
| 13844 | TPA1572107-001 | ░░░░░░░░░ | 08/03/2015 | 07/01/2015 | 07/02/2015 | ACCMED | 23 | 472.54 |
| | | | | | | | Check Total: | 472.54 |
| 13870 | TPA1572107-001 | ░░░░░░ MD PA | 08/24/2015 | 07/20/2015 | 07/20/2015 | ACCMED | 21 | 66.51 |
| 13870 | TPA1572107-001 | ░░░░░░ MD PA | 08/24/2015 | 08/04/2015 | 08/04/2015 | ACCMED | 21 | 81.51 |
| | | | | | | | Check Total: | 148.02 |
| 13881 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 07/20/2015 | 07/20/2015 | ACCMED | 10 | 20.73 |
| 13881 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 07/01/2015 | 07/02/2015 | ACCMED | 10 | 5.08 |
| 13881 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 07/07/2015 | 07/07/2015 | ACCMED | 10 | 20.73 |
| 13881 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 08/04/2015 | 08/04/2015 | ACCMED | 10 | 25.06 |
| | | | | | | | Check Total: | 71.60 |
| 13882 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 07/24/2015 | 07/24/2015 | ACCMED | 10 | 7.55 |
| 13882 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 08/26/2015 | 07/30/2015 | 07/30/2015 | ACCMED | 10 | 283.00 |
| | | | | | | | Check Total: | 290.55 |
| 13892 | TPA1572107-001 | ░░░░░░░░░ | 08/26/2015 | 07/30/2015 | 07/30/2015 | ACCMED | 20 | 294.85 |
| | | | | | | | Check Total: | 294.85 |
| 13908 | TPA1572107-001 | ░░░░░░░░░ | 09/01/2015 | 07/06/2015 | 07/07/2015 | ACCMED | 22 | 472.62 |
| | | | | | | | Check Total: | 472.62 |
| 13926 | TPA1572107-001 | ░░░░░░░░░ | 09/15/2015 | 08/19/2015 | 08/19/2015 | ACCMED | 21 | 286.06 |
| | | | | | | | Check Total: | 286.06 |
| 13947 | TPA1572107-001 | ░░░░░░░░░ | 09/24/2015 | 08/26/2015 | 08/26/2015 | ACCMED | 21 | 124.51 |

CLM_Detail Check Register

Print Date:   05/13/2016

# Detail Check Register

(Pyramid Claims System)

Page        3

**Check Number** | **Claim Number** | **Payee Name** | **Trans Dat** | **From Date** | **To Date** | **Cov** | **Pmt Cat** | **Paid**
---|---|---|---|---|---|---|---|---
| | | | | | | | Check Total: | 124.51
13950 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 09/25/2015 | 09/03/2015 | 09/03/2015 | ACCMED | 10 | 1.19
13950 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 09/25/2015 | 08/26/2015 | 08/26/2015 | ACCMED | 10 | 3.36
| | | | | | | Check Total: | 4.55
13951 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 09/25/2015 | 08/19/2015 | 08/19/2015 | ACCMED | 10 | 26.40
13951 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 09/25/2015 | 07/06/2015 | 07/07/2015 | ACCMED | 10 | 5.07
| | | | | | | Check Total: | 31.47
13962 | TPA1572107-001 | | 09/25/2015 | 09/03/2015 | 09/03/2015 | ACCMED | 21 | 109.51
| | | | | | | Check Total: | 109.51
14002 | TPA1572107-001 | | 10/16/2015 | 09/21/2015 | 09/21/2015 | ACCMED | 21 | 15.00
| | | | | | | Check Total: | 15.00
14011 | TPA1572107-001 | | 10/23/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 22 | 485.79
| | | | | | | Check Total: | 485.79
14017 | TPA1572107-001 | | 10/26/2015 | 09/15/2015 | 09/15/2015 | ACCMED | 23 | 147.77
14017 | TPA1572107-001 | | 10/26/2015 | 09/10/2015 | 09/10/2015 | ACCMED | 23 | 150.20
14017 | TPA1572107-001 | | 10/26/2015 | 09/29/2015 | 09/29/2015 | ACCMED | 23 | 147.77
14017 | TPA1572107-001 | | 10/26/2015 | 09/24/2015 | 09/24/2015 | ACCMED | 23 | 147.77
14017 | TPA1572107-001 | | 10/26/2015 | 09/21/2015 | 09/21/2015 | ACCMED | 23 | 147.77
14017 | TPA1572107-001 | | 10/26/2015 | 09/17/2015 | 09/17/2015 | ACCMED | 23 | 147.97
| | | | | | | Check Total: | 889.05
14027 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 10 | 1,226.52
14027 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/21/2015 | 09/21/2015 | ACCMED | 10 | 21.55
14027 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/21/2015 | 09/21/2015 | ACCMED | 10 | 2.17
| | | | | | | Check Total: | 1,250.24
14033 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/17/2015 | 09/17/2015 | ACCMED | 10 | 21.55
14033 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/24/2015 | 09/24/2015 | ACCMED | 10 | 21.55
14033 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/29/2015 | 09/29/2015 | ACCMED | 10 | 21.55
14033 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/15/2015 | 09/15/2015 | ACCMED | 10 | 21.55
14033 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 10/27/2015 | 09/10/2015 | 09/10/2015 | ACCMED | 10 | 21.07
| | | | | | | Check Total: | 107.27
14051 | TPA1572107-001 | | 11/02/2015 | 09/14/2015 | 09/14/2015 | ACCMED | 22 | 63.92
| | | | | | | Check Total: | 63.92

CLM_Detail_Check_Register

Appendix 352

Print Date:    05/13/2016          **Detail Check Register**          Page    4

(Pyramid Claims System)

| Check Number | Claim Number | Payee Name | Trans_Dat | From Date | To Date | Cov | Pmt Cnt | Paid |
|---|---|---|---|---|---|---|---|---|
| 14054 | TPA1572107-001 | ▓▓▓▓▓MED CTR | 11/03/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 22 | 19,628.65 |
| | | | | | | | Check Total: | 19,628.65 |
| 14074 | TPA1572107-001 | ▓▓▓▓▓MD PA | 11/10/2015 | 08/31/2015 | 08/31/2015 | ACCMED | 23 | 243.51 |
| | | | | | | | Check Total: | 243.51 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/20/2015 | 10/20/2015 | ACCMED | 23 | 151.06 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/15/2015 | 10/15/2015 | ACCMED | 23 | 191.84 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/13/2015 | 10/13/2015 | ACCMED | 23 | 191.84 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/06/2015 | 10/06/2015 | ACCMED | 23 | 145.40 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/01/2015 | 10/01/2015 | ACCMED | 23 | 147.77 |
| 14086 | TPA1572107-001 | ▓▓▓▓▓ | 11/16/2015 | 10/08/2015 | 10/08/2015 | ACCMED | 23 | 147.77 |
| | | | | | | | Check Total: | 975.68 |
| 14092 | TPA1572107-001 | ▓▓▓▓▓ | 11/17/2015 | 10/19/2015 | 10/19/2015 | ACCMED | 21 | 15.00 |
| | | | | | | | Check Total: | 15.00 |
| 14102 | TPA1572107-001 | ▓▓▓▓▓ | 11/19/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 22 | 3,571.96 |
| | | | | | | | Check Total: | 3,571.96 |
| 14113 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/15/2015 | 10/15/2015 | ACCMED | 10 | 27.53 |
| 14113 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/20/2015 | 10/20/2015 | ACCMED | 10 | 21.55 |
| 14113 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 08/31/2015 | 08/31/2015 | ACCMED | 10 | 80.48 |
| | | | | | | | Check Total: | 129.56 |
| 14116 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/19/2015 | 10/19/2015 | ACCMED | 10 | 2.17 |
| 14116 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/06/2015 | 10/06/2015 | ACCMED | 10 | 16.82 |
| 14116 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/08/2015 | 10/08/2015 | ACCMED | 10 | 21.55 |
| 14116 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/13/2015 | 10/13/2015 | ACCMED | 10 | 27.53 |
| 14116 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 10/01/2015 | 10/01/2015 | ACCMED | 10 | 21.55 |
| | | | | | | | Check Total: | 89.62 |
| 14117 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 10 | 2,539.98 |
| 14117 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 11/23/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 10 | 649.29 |
| | | | | | | | Check Total: | 3,189.27 |
| 14126 | TPA1572107-001 | ▓▓▓▓▓ | 11/25/2015 | 10/22/2015 | 10/22/2015 | ACCMED | 23 | 217.07 |
| | | | | | | | Check Total: | 217.07 |
| 14133 | TPA1572107-001 | ▓▓▓▓▓ | 11/30/2015 | 09/22/2015 | 09/22/2015 | ACCMED | 22 | 43.95 |
| | | | | | | | Check Total: | 43.95 |

CLM_Detail_Check_Register

Print Date:   05/13/2016

# Detail Check Register
## (Pyramid Claims System)

Page   5

| Check Number | Claim Number | Payee Name | Trans Dat | From Date | To Date | Cov | Pmt Cat | Paid |
|---|---|---|---|---|---|---|---|---|
| 14141 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 12/07/2015 | 11/17/2015 | 11/17/2015 | ACCMED | 23 | 213.78 |
| | | | | | | | Check Total: | 213.78 |
| 14148 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 12/08/2015 | 11/19/2015 | 11/19/2015 | ACCMED | 23 | 213.78 |
| | | | | | | | Check Total: | 213.78 |
| 14156 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 12/11/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 21 | 783.99 |
| | | | | | | | Check Total: | 783.99 |
| 14174 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 12/21/2015 | 11/24/2015 | 11/24/2015 | ACCMED | 23 | 213.78 |
| | | | | | | | Check Total: | 213.78 |
| 14184 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 12/23/2015 | 11/19/2015 | 11/19/2015 | ACCMED | 10 | 29.88 |
| 14184 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 12/23/2015 | 11/17/2015 | 11/17/2015 | ACCMED | 10 | 29.88 |
| 14184 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 12/23/2015 | 09/08/2015 | 09/08/2015 | ACCMED | 10 | 55.82 |
| | | | | | | | Check Total: | 115.58 |
| 14191 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 12/23/2015 | 10/22/2015 | 10/22/2015 | ACCMED | 10 | 29.89 |
| 14191 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 12/23/2015 | 11/24/2015 | 11/24/2015 | ACCMED | 10 | 29.88 |
| | | | | | | | Check Total: | 59.77 |
| 14205 | TPA1572107-001 | ▒▒▒▒▒ | 12/31/2015 | 11/10/2015 | 11/10/2015 | ACCMED | 22 | 43.95 |
| | | | | | | | Check Total: | 43.95 |
| 14398 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 03/24/2016 | 03/07/2016 | 03/07/2016 | ACCMED | 21 | 111.18 |
| | | | | | | | Check Total: | 111.18 |
| 14404 | TPA1572107-001 | ANCHOR CLAIMS MANAGEM | 03/28/2016 | 03/07/2016 | 03/07/2016 | ACCMED | 10 | .82 |
| | | | | | | | Check Total: | .82 |
| 14492 | TPA1572107-001 | ▒▒▒▒▒▒▒ | 04/28/2016 | 04/18/2016 | 04/18/2016 | ACCMED | 21 | 126.18 |
| | | | | | | | Check Total: | 126.18 |

| | | | | | | | Total for Coverage   ACCMEI | 36,146.99 |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Grand Total for Claim Number   TPA1572107 | 52,881.79 |

CLM Detail Check Register

# EXHIBIT 6

25

**PJC 105.4      Instruction on Common-Law Fraud—Failure to Disclose When There Is Duty to Disclose**

Fraud occurs when—

   1.   a party fails to disclose a material fact within the knowledge of that party, and

   2.   the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth, and

   3.   the party intends to induce the other party to take some action by failing to disclose the fact, and

   4.   the other party suffers injury as a result of acting without knowledge of the undisclosed fact.


## COMMENT

**When to use.**   PJC 105.4 should accompany PJC 105.1 if the court finds that there is a duty to disclose.

**Source of instruction.**   PJC 105.4 is based on the elements of fraud by nondisclosure set forth in *Bradford v. Vento*, 48 S.W.3d 749, 754–55 (Tex. 2001). *See also New Process Steel Corp. v. Steel Corp. of Texas*, 703 S.W.2d 209, 214 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (court's charge adequately instructed jury on fraud, including nondisclosure). Instruction 4 submits the reliance element of fraud. *See Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171, 181–82 (Tex. 1997); *Custom Leasing, Inc. v. Texas Bank & Trust Co.*, 516 S.W.2d 138, 143 (Tex. 1974).

**Inducing inaction.**   If the evidence shows an intent to induce inaction, elements 3 and 4 may be appropriately modified. *See, e.g., Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[B]y failing to disclose the facts, the defendant intended to induce the plaintiff to take some action *or refrain from acting* . . . .") (emphasis added); *Blankinship v. Brown*, 399 S.W.3d 303, 308 (Tex. App.—Dallas 2013, pet. denied) (same).

**Silence as misrepresentation.**   "As a general rule, a failure to disclose information does not constitute fraud unless there is a duty to disclose the information." *Bradford*, 48 S.W.3d at 755. "Whether such a duty exists is a question of law." *Bradford*, 48 S.W.3d at 755. The supreme court has concluded that a duty to disclose arises when there is a confidential or fiduciary relationship. *Insurance Co. of North America v. Morris*, 981 S.W.2d 667, 674–75 (Tex. 1998). The court has also held that a duty to disclose arises in other circumstances. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex. 1986) (specific representations about bonus plan gave rise to

duty to disclose adoption of an alternate plan); *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655, 658 (Tex. 1979) (seller of real estate has duty to disclose material facts not reasonably discoverable by purchaser).

Courts of appeals have concluded that a duty to disclose may arise when (1) there is a special or fiduciary relationship, (2) a person voluntarily discloses partial information but fails to disclose the whole truth, (3) a person makes a representation but fails to disclose new information that makes the earlier representation misleading or untrue, or (4) a person makes a partial disclosure and conveys a false impression. *See, e.g., Columbia/HCA Healthcare Corp. v. Cottey,* 72 S.W.3d 735, 744–45 (Tex. App.— Waco 2002, no pet.); *Anderson, Greenwood & Co. v. Martin,* 44 S.W.3d 200, 212–13 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Lesikar v. Rappeport,* 33 S.W.3d 282, 299 (Tex. App.—Texarkana 2000, pet. denied); *Hoggett v. Brown,* 971 S.W.2d 472, 487 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

Section 551 of the *Restatement (Second) of Torts* (1977) recognizes a general duty to disclose facts in a commercial setting. In *Bradford,* however, the supreme court stated "[w]e have never adopted section 551." *Bradford,* 48 S.W.3d at 756; *see also SmithKline Beecham Corp. v. Doe,* 903 S.W.2d 347, 352 (Tex. 1995).

**Rescission.**   If rescission is sought, the intent requirement may be lessened. *See Calloway v. Manion,* 572 F.2d 1033, 1039 (5th Cir. 1978); *Chase, Inc. v. Bostick,* 551 S.W.2d 116, 119 (Tex. Civ. App.—Tyler 1977, writ ref'd n.r.e.). Mere failure to disclose material information may give rise to rescission. *Smith,* 585 S.W.2d at 658.

**Concealment.**   Active concealment of material facts may also be as actionable as false statements. *Campbell v. Booth,* 526 S.W.2d 167, 172 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). PJC 105.4 element 1 may need to be modified to include concealment. *See GXG, Inc. v. Texacal Oil & Gas,* 977 S.W.2d 403, 409 (Tex. App.— Corpus Christi 1998, pet. denied).

176

# EXHIBIT 7

26

CIVIL CONSPIRACY                                                    PJC 109.1

**PJC 109.1      Question and Instruction on Conspiracy**

QUESTION _____

*[Conditioned on findings of a statutory violation or a tort (other than
negligence) that proximately caused damages.]*

Was *Connie Conspirator* part of a conspiracy that damaged *Paul Payne?*

To be part of a conspiracy, *Connie Conspirator* and another person or per-
sons must have had knowledge of, agreed to, and intended a common objective
or course of action that resulted in the damages to *Paul Payne.* One or more
persons involved in the conspiracy must have performed some act or acts to
further the conspiracy.

Answer "Yes" or "No."

Answer: _____

**COMMENT**

**When to use.**  PJC 109.1 submits the question of conspiracy to accomplish the
unlawful objective of harming another by committing a statutory violation or a tort
(other than negligence). See comment below, "Conspiracy to accomplish lawful objec-
tive by unlawful means," for the situation involving a conspiracy to employ an unlaw-
ful means to accomplish a lawful objective. Civil conspiracy to unlawfully harm
another is a derivative tort. Liability must be dependent on participation in some
underlying statutory violation or a tort (other than negligence). *Chu v. Hong,* 249
S.W.3d 441, 444 n.4 (Tex. 2008). It is a means for imposing joint and several liability
on persons in addition to the actual perpetrator(s) of the underlying tort.

**Source of question and instruction.**  A civil conspiracy is "a combination by two
or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose
by unlawful means." *Firestone Steel Products Co. v. Barajas,* 927 S.W.2d 608, 614
(Tex. 1996). The elements of civil conspiracy have been stated as "(1) two or more
persons; (2) an object to be accomplished; (3) a meeting of minds on the object or
course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate
result." *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005); *Juhl v. Airington,* 936 S.W.2d
640, 644 (Tex. 1996); *see also Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716,
719–20 (Tex. 1995); *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,*
435 S.W.2d 854, 856 (Tex. 1968).

**Knowledge, intent, and agreement.**  To be liable for conspiracy, a party must be
shown to have intended to do more than engage in the conduct that resulted in the

277

injury. It must be shown that from the inception of the combination or agreement the party intended to cause the injury or was aware of the harm likely to result from the wrongful conduct. *Triplex Communications, Inc.*, 900 S.W.2d at 720; *Great National Life Insurance Co. v. Chapa*, 377 S.W.2d 632, 635 (Tex. 1964). Thus, a party must be shown to have known the object and purpose of the conspiracy and to have had a meeting of the minds with the other conspirators to accomplish that object and purpose, intending to bring about the resulting injury. *Nortex Oil & Gas Corp.*, 435 S.W.2d at 857.

**Unlawful act.**   A defendant's liability for conspiracy is based on participation in the statutory violation or underlying tort (other than negligence) that would have been actionable against at least one of the conspirators individually. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *International Bankers Life Insurance Co. v. Holloway*, 368 S.W.2d 567, 581 (Tex. 1963). An act or declaration by a conspirator not in pursuance of the common objective is not actionable against coconspirators. *Chapa*, 377 S.W.2d at 635. Likewise, an improper motive in performing a lawful action will not support liability for conspiracy. *Kingsbery v. Phillips Petroleum Co.*, 315 S.W.2d 561, 576 (Tex. Civ. App.—Austin 1958, writ ref'd n.r.e.). The injury must have been caused by the tort or statutory violation that the conspirator agreed with the perpetrator to bring about while intending the resulting harm. *Triplex Communications, Inc.*, 900 S.W.2d at 720; *Nortex Oil & Gas Corp.*, 435 S.W.2d at 857. Once a civil conspiracy is found, each coconspirator is responsible for the actions of any coconspirator in furtherance of the conspiracy. Thus, each element of the underlying tort or violation is imputed to each participant. *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex. 1983).

**Conspiracy to accomplish lawful objective by unlawful means.**   PJC 109.1 submits the proper question if a court or jury has established the existence of an unlawful objective, that is, a statutory violation or a tort (other than negligence). The supreme court's opinions regarding conspiracy also define a conspiracy cause of action arising when the conspirators pursue a lawful objective by unlawful means. *Triplex Communications, Inc.*, 900 S.W.2d at 719–20; *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983); *Chapa*, 377 S.W.2d at 635; *Berry v. Golden Light Coffee Co.*, 327 S.W.2d 436, 438 (Tex. 1959); *State v. Standard Oil Co.*, 107 S.W.2d 550, 559 (Tex. 1937). The Committee believes PJC 109.1 can be used to submit either theory but that it may need modification in some instances depending on the facts of the case.

**Liability.**   The damages recoverable in an action for civil conspiracy are those damages resulting from the commission of the wrong, not the conspiratorial agreement. *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979); *see also Triplex Communications, Inc.*, 900 S.W.2d at 720. Therefore, the Committee recommends that PJC 109.1 be submitted after, and conditioned on, an affirmative finding of damages caused by the statutory violation or underlying tort (other than negligence). In those instances in which the evidence suggests that divisible damages arose from multiple underlying torts only some of which were the subject of the conspiracy, the

278

court should consider obtaining findings to determine which underlying statutory vio-
lations or torts were the subject of the conspiracy and the damages and submitting a
separate issue on damages caused by those underlying violations or torts. *See THPD,
Inc. v. Continental Imports, Inc.*, 260 S.W.3d 593, 604–05 (Tex. App.—Austin 2008,
no pet.).

**Exemplary damages.** An affirmative finding on an underlying cause of action
that includes a finding sufficient to impose exemplary damages may be imputed to all
participants in the conspiracy on an affirmative conspiracy finding. *Akin*, 661 S.W.2d
at 921. For questions submitting exemplary damages, see PJC 115.37 and 115.38 and
the Comments accompanying those questions.