UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| WILLIAM NEWBROUGH § | |
| § | |
| v. § | CIVIL ACTION NO. 7:17-cv-143-RAJ |
| § | |
| ANCHOR RISK MANAGEMENT, CENTRAL § | |
| FREIGHT LINES, INC., SMOKER'S OUTLET, § | |
| INC. AND REPUBLIC UNDERWRITERS § | |
| INSURANCE COMPANY § | |

**DEFENDANT REPUBLIC UNDERWRITERS INSURANCE COMPANY'S
RULE 12B6 MOTION TO DISMISS**

COMES NOW, Republic Underwriters Insurance Company (hereinafter "Republic") one of the Defendants in the above numbered and styled cause, and file this, its 12(b)(6) Motion to Dismiss, as to all claims of the Plaintiff and in support thereof would respectfully show unto the Court as follows:

**I.
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**A. Introduction**

1. This suit is brought by Plaintiff based on the alleged actions or inactions of Defendant Smoker's Outlet, Inc. ("Smokers") on June 18, 2015 from which Plaintiff claims to have suffered damages. *See Plaintiff's 4th Amended Petition*. Plaintiff plead causes of action of Fraud (both by Misrepresentation and Failure to Disclose), violation of Texas Insurance Code 541 and Conspiracy against Republic. *Id. at 14.*

2. Plaintiff's petition fails to provide Republic with fair notice of the factual allegations that may impute liability on Republic and does not contain factual allegations concerning all material elements of the claims against Republic. Therefore, Plaintiff's Complaint fails to meet the standard of pleadings requirement and should be dismissed.

**B. Argument and Authorities**

3. A complaint must provide fair notice of the claims being asserted by including allegations that outline the elements of the claims. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct.1937, 1949 (2009). A complaint that provides only conclusions or a recitation of the elements without

supporting facts is insufficient to show grounds for the plaintiff to be entitled to relief. *Id.* Further, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but has not show[n]- that the pleader is entitled to relief." *See Atl. Cas. Ins. Co. v. PrimeLending,* 2017 U.S. Dist. LEXIS 34425; citing *Ashcroft.* However, the court should not strain to find inferences favorable to the plaintiffs or accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

4.  Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161, 162 (5th Cir. 2001).

5.  Plaintiff's complaint fails to plead facts to support any of his causes of action against Republic. *See Plaintiff's 4th Amended Petition.* Plaintiff failed to plead or show any facts supporting the necessary elements of Texas Insurance Code violations or conspiracy. Therefore, Plaintiff's Complaint [claims] should be dismissed as it fails to meet the pleading requirements of this honorable Court.

<u>Fraud Claims</u>

6.  Plaintiff alleges fraud by both misrepresentation and failure to disclose against Republic. When pleading Fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. Proc. 9(b). The elements of a fraud claim by misrepresentation are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant a) knew that the representation was false or b) made the representation recklessly, as a positive assertion, and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *In re First Merit Bank*, 52 S.W. 3d 749, 758 (Tex. 2001).

7.  Plaintiff's complaint fails to plead, with particularity, facts to support fraud by Republic. Plaintiff has asserted Fraud but failed to plead any facts upon which Republic could be liable. Plaintiff's petition merely makes conclusory statements that Republic committed fraud, in

pleading "[P]laintiff brings this case against Republic for Fraud". *See Plaintiff's 4th Amended Petition* at p.14. Plaintiff does not identify any misrepresentations made by Republic to Plaintiff and fails to allege, with particularity, what alleged action by Republic constituted fraud by misrepresentation under Texas law. Accordingly, Plaintiff's fraud by misrepresentation claim against Republic should be dismissed for failure to state a cognizable claim.

8. Plaintiff's fraud by failure to disclose should also be dismissed because it is not a cognizable cause of action under Texas law. "A failure to disclose information does not constitute fraud unless there is first a duty to disclose the information." *Springs Window Fashions Div., Inc. v. Blind Maker, Inc.*, 184 S.W.3d 840, 875 (Tex. App.—Austin 2006) (*citing Bradford v. Vento*, 48 S.W.3d 749, 755, 44 Tex. Sup. Ct. J. 655 (Tex. 2001)). In this case, Plaintiff does not allege that Republic owed Plaintiff any special duty to disclose any information. Accordingly, Plaintiff's fraud by failure to disclose claim should be dismissed for failure to state a cognizable claim.

<u>Insurance Code Section 541 Claims</u>

9. In this case, Plaintiff's claim against Republic for violations of Section 541 of the Texas Insurance Code should be dismissed because Plaintiff fails to allege a cognizable claim under the statute. By Texas Law, a third-party claimant asserting claims against the insured of a liability policy does not have standing to bring claims against the liability insurer for violations of sections 541.060. *Reule v. Colony Ins. Co.*, 407 S.W.3d 402, 410 (Tex. App.—Houston [14th Dist.] 2013); *see* Tex. Ins. Code Ann. § 541.060(b) (West 2009) ("[541.060(a)] does not provide a cause of action to a third party asserting one or more claims against an insured covered under a liability insurance policy."); *id*. § 542.051(2) (West 2009) (defining "Claim" as first-party claim brought by an insured or beneficiary for proceeds paid directly to the insured or beneficiary); *see also Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 220-21 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (explaining third parties lack standing to bring claims under predecessor to section 541.060). In this case, Plaintiff is a third-party claimant, and as such has no standing to raise a Section 541 claim against Republic. Accordingly, Plaintiff's claim should be dismissed for failing to state a cognizable claim under Texas law.

Conspiracy Claims

10. Plaintiff's conspiracy claim should be dismissed because Plaintiff has failed to state cognizable underlying torts as explained above. "Allegations of conspiracy are not actionable absent an underlying [tort]." *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997) If Plaintiffs fail to state a claim for fraud underlying their civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.*, 501 F.3d 398, 414 (5th Cir. 2007); *Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 U.S. Dist. LEXIS 24818, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009). As stated above, Plaintiff has failed to allege an underlying tort for his conspiracy claims. Specifically, Plaintiff has failed to state a cognizable fraud claim and has failed to state a cognizable Texas Insurance Code Section 541 claim against Republic. Accordingly, Plaintiff's conspiracy claim should be dismissed as well.

## II.
## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant Republic, prays that this Court grant this Motion to Dismiss, and dismiss all claims against it with prejudice and for such other and further relief to which they may be justly entitled and will ever pray.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, LLP**

By:  /s/  Jerry L. Ewing
JERRY L. EWING - 06755470
Meadow Park Tower, Suite 1500
10440 N. Central Expressway
Dallas, Texas 75231
(214) 749-4805
(214) 760-1670 - Facsimile
ewingvfax@wbclawfirm.com

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of August 2017 a true and correct copy of the foregoing was served upon all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

 /s/  Jerry L. Ewing
JERRY L. EWING