## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT FOR TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| WILLIAM NEWBROUGH | * | |
| | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. |
| | * | |
| | * | 7:17-CV-143 |
| ANCHOR RISK MANAGEMENT; | * | |
| CENTRAL FREIGHT LINES, INC.; | * | |
| SMOKERS OUTLET, INC.; AND | * | |
| REPUBLIC UNDERWRITERS | * | |
| INSURANCE CO. | * | |

## PLAINTIFF'S MOTION TO REMAND

NOW COMES WILLIAM NEWBROUGH, PLAINTIFF, and files this his Motion to Remand and respectfully shows as follows:

## I.

## PROCEDURAL HISTORY

1.    Plaintiff filed this suit May 27, 2016 against Central Freight Lines, Inc, and Anchor Risk Management.  The nature of the suit was:

    A.    Non-subscriber (injury on the job, not covered by workers' compensation) against Central Freight Lines.  *See Appendix* 12-14, Exhibit D of Notice of Removal.

    B.    A Declaratory Judgment action against Anchor for a claimed subrogation interest. *See Appendix* 14-15, Exhibit D of Notice of Removal.

2.    Defendant Central filed an Amended Answer on March 20, 2017 asserting an ERISA

subrogation interest.  *See Appendix* 37-38,  Notice of Removal.

3.   Defendant Anchor filed a Motion for Summary Judgment on March 22, 2017.  In the motion Anchor claims to be the agent for Central's ERISA Employee Benefit Plan covering Plaintiff for the injuries he sustained in the instant action. *See Appendix 49-94,* at 51, Notice of Removal.

4.   Central Freight Lines filed a Counter-Claim against Plaintiff on March 27, 2017 asserting subrogation rights pursuant to its ERISA Benefit Plan covering Plaintiff for injuries he sustained in this accident.  *See Appendix 98-132* at 102-103,  Notice of Removal.

5.   In Plaintiff's Second Amended Petition Plaintiff sued Smokers' Outlet for personal injuries arising from the accident.  *See Appendix 137*, Notice of Removal.

6.   Plaintiff filed a Response to both Motions for Summary Judgment and filed Plaintiff's Third Amended Petition. Filed April 20, 2017. *See Exhibit 1 and Exhibit 2*, attached hereto. (Not included in the Notice of Removal, except as an attachment to Plaintiff's Response to Motion to Dismiss).  The claims alleged by Plaintiff in the Third Amended Petition were:

A.   Central Freight Lines:

1.   Non-Subscriber

2.   Common Law Fraud

3.   Conspiracy to Commit Fraud.

4.   Civil Practice and Remedies Code section 140.

B. Anchor Risk Management:

    1. Common Law Fraud

    2. Conspiracy to Commit Fraud.

    3. Civil Practice and Remedies Code section 140.

C. Smokers' Outlet:

    1. Contract Claims and Rescission.

    2. Premises Liability.

    3. Civil Practice and Remedies Code section 140.

D. Republic Insurance Co.

    1. Fraud

    2. Conspiracy to Commit Fraud

    3. Fraudulent Inducement

    4. Fraudulent Concealment

    5. Rescission

    6. Enforcement of the Agreement

    7. Suit to Impose Lien.

    8. Civil Practice and Remedies Code section 140.

7. Central Freight Lines filed a Motion to Dismiss. *Exhibit 3* attached.

8. Anchor Risk Management filed a Motion to Dismiss.  *Exhibit 4* attached.

9. Both Motions were set for hearing.  *Appendix 245*, *Appendix 248*.

10. Plaintiff responded to the Motions to Dismiss and filed Plaintiff's Fourth Amended

Petition. *Appendix 398-567* and *Appendix 253-397*.

The claims alleged in Plaintiff's Fourth are:

A.   Central Freight Lines:

      1.   Non-Subscriber

      2.   Common Law Fraud

      3.   Conspiracy to Commit Fraud.

      4.   Civil Practice and Remedies Code section 140.

      5.   Breach of Fiduciary Duty.

B.   Anchor Risk Management:

      1.   Common Law Fraud

      2.   Conspiracy to Commit Fraud.

      3.   Civil Practice and Remedies Code section 140.

      4.   Breach of Fiduciary Duty.

      5.   Texas Insurance Code section 541.

C.   Smokers' Outlet:

      1.   Contract Claims and Rescission.

      2.   Premises Liability.

      3.   Civil Practice and Remedies Code section 140.

D.   Republic Insurance Co.

      1.   Fraud

      2.   Conspiracy to Commit Fraud

3.   Fraudulent Inducement

4.   Fraudulent Concealment

5.   Recession

6.   Enforcement of the Agreement

7.   Suit to Impose Lien.

8.   Civil Practice and Remedies Code section 140.

9.   Texas Insurance Code section 541.

11.   Defendant Anchor then removed to this court on July 12, 2017.

12.   This motion is filed within 30 days of the Notice of Removal.

## II.

## FEDERAL QUESTION JURISDICTION

13.   Defendants have removed based upon Federal Question Jurisdiction.   28 USC §1441(a). Defendants must show that Plaintiff's claim "arises under" federal law. *See* 28 USC §1331.

14.   The Court must look at the petition filed in state court and apply the well pleaded complaint rule to determine if the Plaintiff is seeking to recover or enforce some federal right or cause of action. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir 1997).

15.   The "arising under" language in §1331 is a narrow test that is evaluated strictly. *See Id.* at 922.   Federal question jurisdiction extends only to cases in which the Plaintiff has pleaded a cause of action which has been created by federal law, or in which

Plaintiff's right to relief depends upon a substantial question of federal law.  *See Id.*

16.    Plaintiff's petition in this matter alleges only state law causes of action.  Plaintiff's pled causes of action do not seek any right to benefits under ERISA. Plaintiff's pleadings which reference ERISA, use ERISA much like a state law truck accident case. In a trucking case, the Defendant driver in committing negligence may have violated the Federal Motor Carrier Safety Act or DOT regulations. For example failing to keep log books or driving for longer periods than is allowed under the act could be acts of negligence pled that reference standards of care root in the Federal Motor Carrier Safety Act or DOT regulations.  The state law cause of action for general negligence would use that violation to establish a duty that was breached but in doing so does not trigger a federal question. In the instant case, ERISA creates the duty(ies) which the Plaintiff's claims are rooted in, but it is state trust law which applies to any breach of these duties as the claims are not related to violations of ERISA and are not claims to benefits under the plan.  These claims do not arise under federal law and replace the state law causes of action.

17.    Suits for enforcement of state law torts against an ERISA plan administrator or employer are not preempted where the Plaintiff is not seeking benefits under the plan but seeks redress for a state law cause of action.  *Quintana v. Lightner,* 818 F.Supp. 2d 964 (N.District-Dallas 2011).

18.    The instant case is similar to *Quintana*.  Plaintiff seeks damages from Defendants for actions unrelated to the payment of medical expenses or other benefits.  Newbrough

has not sought any benefits under the Employee Benefit Plan in his suit.

19.  Similarly, in an unpublished opinion, the Northern District-Dallas Division has held that where Plaintiff has not sought enforcement pursuant to §502 of ERISA there is no preemption of state law claims.  *See Rojas v. Renfro Industries Civil Action,* No. 3:16-CV-2896-D June 23, 2017, (attached hereto).

20.  In the instant case, there has been no preemption of Plaintiff's claims and the case should be remanded to state court.

### III.

### WAIVER OF REMOVAL

21.  A Defendant can waive a right to remove by its actions in state court.  Seeking a disposition of the case after one has reason to believe that the matter was preempted is waiver.  *See Tedford v. Warner Lambert Co.,* 327 F.3d 423. (5th Cir. 2003).

22.  Waiver occurs when the intent of the actions by the Defendant to have the case adjudicated on the merits at the state court is "clear and unequivocal" *Beighley v. FDIC,* 868 F.2d 776, 782-83 (5th Cir. 1989). Seeking disposition of a case on the merits and/or requesting that the Court proceed with evaluating the merits of the Plaintiff's claims results in the Defendant losing their right of removal. *Id.*

23.  The waiver rule is meant to prevent the Defendant from taking multiple attempts at gaining disposition on the merits by experimenting on the case at the state court level and then transferring it to federal court in the event of an adverse ruling. *Hingst v. Providian Nat. Bank,* 124 F. Supp. 2d 449, 451-52 (S.D. Tex. 2000)(Citing to and

summarizing *Rosenthal v. Coates*, 148 U.S. 142, 147-48, 13 S.Ct. 576, (1893)

24.   Both Central and Anchor in this case take the position that the entire case has been preempted by ERISA because it relates to an Employee Welfare Plan under ERSIA.

25.   Both Central and Anchor knew that this case related to an Employee Welfare Plan under ERISA when Central sued Plaintiff in March of 2017. If ERISA had preempted the subrogation disposition of the Plan at the time Central filed its counter-claim, then that preemption analysis was clear at the filing of the original suit for disposition of the claimed interest in 2016.  Rather than removing this case at the time of the original answer, Central sued for its interest and Anchor filed a summary judgment. Following these actions both Central and Anchor then filed Motions to Dismiss seeking disposition of the case. Only after these multiple attempts to force an evaluation by the state court on the merits of Plaintiff's claims did the Defendants then seek removal.   Removal was an after thought for both of them. This is the exact experimenting that the Supreme Court addressed in *Rosenthal* which is referenced 125 years later in the *Hingst* decision.

24.   Plaintiff contends there was no right to remove to begin with, but even if there was, Central and Anchor clearly and unequivocally waived any right they may have had through their actions at the state court. The case should be remanded.

25.   There is little difference between Plaintiff's Third Amended Petition and Plaintiff's Fourth Amended Petition. Plaintiff added a Breach of Fiduciary Duty claim to already existing Fraud claims against both Central and Anchor.  Rather than removing a case

that has been preempted as they now claim, both filed Motions to Dismiss. The 30 days to remove was long gone by the time they elected to remove after seeking dismissal. The case should be remanded.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this court upon evaluation of the pleadings and case law remand this case to State court, and for any and all further such relief to which the Plaintiff may show himself entitled to under law and equity.


RESPECTFULLY SUBMITTED,

Law Offices of Miller & Bicklein
519 Golder
Odessa, Texas 79761
432.550.3006 (T)
432.362.4624 (F)

By: ___/s/*KEVIN B. MILLER*___
       Kevin B. Miller
       Kevin@mblaw.org
       TXSBN: 14094500

### CERTIFICATE OF SERVICE
   I do hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via electronic delivery on this the 11th Day of August, 2017.


   ___/s/ *KEVIN B. MILER*___
       Kevin B. Miller