FILED
JAN 10 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| WILLIAM NEWBROUGH,<br>*Plaintiff*, | § § § |
| v. | § No. MO:17-CV-00143-RAJ |
| ANCHOR RISK MANAGEMENT,<br>CENTRAL FREIGHT LINES, INC.,<br>SMOKER'S OUTLET INCORPORATED, and<br>REPUBLIC UNDERWRITERS INSURANCE<br>COMPANY,<br>*Defendants*. | § § § § § § § |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is Plaintiff William Newbrough's ("Plaintiff") Motion to Remand. (Doc. 17). After due consideration, Plaintiff's Motion to Remand shall be **GRANTED** in part.

### I. BACKGROUND

This case arises from Plaintiff's attempt to settle a claim for personal injuries Plaintiff sustained while employed as a driver for Defendant Central Freight Lines, Inc. ("Central"). (Doc. 1-5). While working for Central, Plaintiff made a delivery to Defendant Smokers' Outlet Incorporated ("Smokers' Outlet") where Plaintiff fell and sustained personal injuries. (*Id.*). Defendant Anchor Risk Management ("Anchor") was the third-party administrator of Central's Employee Injury Benefit Plan (the "Plan"). (*Id.*).

Without notifying Central or Anchor, Plaintiff negotiated a settlement of his personal-injury claims against Smoker's Outlet through Smoker's Outlet's insurer, Defendant Republic Underwriters Insurance Company ("Republic"). (Doc. 18 at 2). Included in Plaintiff's release agreement with Republic is an indemnity provision whereby Plaintiff and his attorney agreed to "indemnify and hold harmless" Republic and Smoker's Outlet from any third-party claim for payment. (*Id.*).

On May 27, 2016, Plaintiff filed this suit against Defendants Central and Anchor in the 358th District Court of Ector County, Texas, alleging negligence against Central as a non-subscriber to the

Workers' Compensation scheme in Texas and a declaratory judgment action under Chapter 37 of the Texas Civil Practice and Remedies Code against Anchor for waiver of claimed subrogation interest in the release agreement. (Doc. 1-4). On March 27, 2017, Defendant Central filed a counter-claim against Plaintiff asserting subrogation rights pursuant to its ERISA Benefit Plan covering Plaintiff for the injuries he sustained in the accident made the basis of this lawsuit. (*Id.* at 87).

On July 12, 2017, Plaintiff filed his Second Amended Petition adding a negligence claim against Defendant Smokers' Outlet to recover damages for personal injuries arising from the accident. (*Id.* at 122). On April 20, 2017, Plaintiff filed his Third Amended Petition asserting the following claims: (1) negligence, fraud, and conspiracy to commit fraud against Defendant Central; (2) fraud and conspiracy to commit fraud against Defendant Anchor; (3) breach of contract and rescission and premises liability claims against Defendant Smokers' Outlet; (4) fraud, conspiracy to commit fraud, fraudulent inducement, fraudulent concealment, rescission, enforcement of agreement, and suit to impose lien against Defendant Republic. (Doc. 17-2). In his Third Amended Petition, Plaintiff also asserts claims under Civil Practice and Remedies Code Section 140 against all Defendants. (*Id.*).

On June 16, 2017, Plaintiff filed his Fourth Amended Petition alleging for the first time that Defendants Anchor and Central owed and breached certain duties under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1-5). Specifically, Plaintiff claims he was covered by an "ERISA approved Employee Welfare Plan" and that Defendant Central was the "Administrator of the Plan." (*Id.*). Further, Plaintiff alleges that Defendant Anchor was an agent of Defendant Central under ERISA. (*Id.*). According to Plaintiff, ERISA provides that any and all agents of the Administrator of the Plan owe fiduciary duties to Plaintiff. (*Id.*). In addition, Plaintiff states that Defendants Central and Anchor breached their fiduciary duties to Plaintiff under the Plan in violation of ERISA. (*Id.*). On July 12, 2017, Defendant

Anchor filed its Notice of Removal in this Court asserting federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1).

On August 11, 2017, Plaintiff filed his Motion to Remand on the basis that he "alleges only state law causes of action." (Doc. 17). On August 18, 2017, Defendant Anchor filed its Response in opposition to the Motion to Remand. (Doc. 18). On August 18, 2017, Defendant Central filed its Response in opposition to the Motion to Remand. (Doc. 19). This matter is now ready for disposition.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (quoting *Kokkonen*, 511 U.S. at 377). A defendant may remove a state-court civil action to a federal district court, if the latter has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt.*, 739 F.3d at 258–59. "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259. Once the case is removed, the district court must, however, remand, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removing party bears the burden of proving by preponderance of evidence that federal jurisdiction exists. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

### III. DISCUSSION

Plaintiff argues that this case should be remanded because the claims in his Fourth Amended Petition do not seek any right to benefits under ERISA and do not arise under federal law. (Doc. 17). Plaintiff contends that he has brought state law tort claims against Defendant Central as the ERISA plan administrator and Defendant Anchor as an agent of Defendant Central but he does not seek benefits under the Employee Benefit Plan. (*Id.*). Plaintiff asserts that there has been no preemption of Plaintiff's state law claims, and therefore, the case should be remanded. (*Id.*).

In its Notice of Removal, Defendant Anchor asserts that ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan to bring actions related to the recovery of benefits under employee benefit plans. (Doc. 1 at 2–3). As a result, Defendant Anchor claims that ERISA "completely preempts" any state law claim or remedy based on wrongful withholding of benefits promised under the employee benefit plan. (*Id.* at 3). According to Defendant Anchor, Plaintiff's cause of action seeks benefits pursuant to an ERISA-regulated employee benefit plan, and therefore, this action arises under federal law. (*Id.*).

Here, Plaintiff does not dispute that his employer's plan is governed by ERISA and he was a participant in the Plan at the time of the accident. However, Plaintiff contends that the claim for breach of fiduciary duties against Defendants Central and Anchor asserted in the Fourth Amended Petition do not arise under ERISA. Plaintiff alleges in his Fourth Amended Petition that "ERISA specifically provides that ONLY FIDUCIARIES can bring actions for recover under the plan[.]" (Doc. 1-5). Plaintiff further claims Anchor is an agent of Central under ERISA and Anchor and Central owed fiduciary duties to Plaintiff, which Anchor and Central allegedly breached. (*Id.*).

Despite Plaintiff's attempts to recast his claims for breach of fiduciary duty as solely state law in nature, the Court finds that Plaintiff's breach-of-fiduciary-duty claims against Anchor and Central are connected with or related to the ERISA plan, and therefore, preempted by ERISA. 29 U.S.C. §§ 1144(a), 1132(a)(1)B) (ERISA broadly preempts "any and all state laws insofar as they

4

may now or hereafter relate to any employee benefit plan"); *Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1275 (6th Cir. 1991) ("It is not the label placed on a state law claim that determines whether it is preempted but whether in essence such claim is for the recovery of an ERISA plan benefit").[1] Plaintiff alleges that: (1) Anchor and Central are fiduciaries under ERISA; (2) Anchor and Central owe fiduciary duties to Plaintiff under ERISA; and (3) Anchor and Central breached one or more of those fiduciary duties. (Doc. 1-5). ERISA specifically provides that federal district courts shall have exclusive jurisdiction for any private cause of action for breach of fiduciary duty. 29 U.S.C. § 1109(a). Removal of this matter based upon federal question subject matter jurisdiction under ERISA was therefore appropriate.

In addition to removal being appropriate, the Court finds that Plaintiff's state law breach of fiduciary duty claims against Central and Anchor are subject to dismissal. The United States Court of Appeals for the Fifth Circuit has held that where a Plaintiff has alleged state law claims that are preempted by ERISA and has not sought to add proper claims under ERISA, such state law claims are not only subject to removal but are also subject to dismissal. *Quality Infusion Care Inc. v. Humana Health Plan of Tex., Inc.*, Nos. 07–20703, 07–20887, 2008 WL 3471861, *10 (5th Cir. 2008) ("Though one might try to infer claims for benefits under ERISA, [plaintiff's] repeated disavowal of such a claim ultimately dooms any such inference. . . . [A] finding of complete preemption in these cases necessitates their dismissal").[2] Accordingly, Plaintiff's claims for breach of fiduciary duties against Anchor and Central shall be **DISMISSED**. Because the only claims

---

[1] *See Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990) ("A [state] law [or claim for recovery under state law] 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Under this 'broad common-sense meaning,' a state law [or claim] may 'relate to' a benefit plan, and thereby be pre-empted, even if the law [or claim] is not specifically designed to affect such plans, or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements").

[2] *Lester v. Advanced Envtl. Recycling Techs., Inc.*, No. 06–51519, 2007 WL 1982195, *3 (5th Cir. 2007) (holding that district court properly dismissed plaintiff's state law claims for breach of fiduciary duty and for breach of the duty of good faith and fair dealing as preempted by ERISA).

remaining in this lawsuit are state law claims, Plaintiff's Motion to Remand shall be **GRANTED** in part. (Doc. 17).

## IV. CONCLUSION

This Court has exclusive jurisdiction over Plaintiff's claims for breach of fiduciary duty against Central and Anchor. However, because Plaintiff's state law claims for breach of fiduciary duty are preempted by ERISA, these claims are subject to dismissal. The remainder of the action shall be remanded to the 358th District Court of Ector County, Texas.

It is therefore **ORDERED** that Plaintiff's state law claims for breach of fiduciary duty against Defendants Central and Anchor are hereby **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's Motion to Remand is **GRANTED** in part (Doc. 17) and Plaintiff's remaining state law claims are remanded to the 358th District Court of Ector County, Texas.

It is further **ORDERED** that all pending motions are **DENIED** as moot.

It is finally **ORDERED** that the Clerk of the Court **CLOSE** this case.

It is so **ORDERED**.

SIGNED this _10_ day of _January_ 2018.

_____
ROBERT A. JUNELL
Senior United States District Judge